### CRIER v. COWDEN et al. (No. 1461.)

'Court of Civil Appeals of Texas. El Paso. April 12, 1923. Rehearing Denied May 17, 1923.)

Guardian and ward ☞90—Judgment of probate court in excess of jurisdiction subject to collateral attack.

Where a guardian applied for permission to exchange her wards' lands for lands in another county, the orders of the probate court authorizing such exchange, not being authorized by any statute, were in excess of its jurisdiction, and were subject to collateral attack.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Thomas L. Cowden and others against W. T. Crier. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. M. Caldwell, of Midland, and Thos. E. Hayden, Jr., and Ben L. Cox, both of Abilene, for appellant.

R. W. Haynie, of Abilene, for appellees.

### Statement of the Case.

HARPER, C. J. The plaintiffs Thomas L., Stephen W., Robert M., and Effie Cowden, are the sons and daughter of J. T. Cowden

and wife. The former died intestate, and the latter afterwards married Shotwell, and qualified as guardian of the minors above named.

The property in controversy was the community property of Cowden and wife.

After qualifying as guardian, Mrs. Shotwell applied to the county court of Taylor county for permission to exchange the minors' one-half interest in the lands situated in Jones and Shackelford counties, for an undivided half interest in eight sections of land in Crane and Upton counties, with appellant W. T. Crier. The application was granted, and order of court entered and deeds executed by the guardian and Crier.

This suit was brought in Jones county by the above-named plaintiffs, who were of age, in their own behalf, and by the guardian on behalf of the minor, setting up the facts for cancellation of the said guardian's deed, for removal of cloud, and to quiet title upon the proposition that the orders of the probate court authorizing exchange and the deed executed pursuant to said orders were all void.

Defendant filed plea in abatement to the effect that this suit in Jones county is a collateral attack upon a judgment of the probate court of Taylor county.

By agreement the venue was changed to the district court of Taylor county, and there the defendant answered not waiving the plea in abatement, consisting of general and special exceptions, based upon the proposition that the petition showed upon its face that, in order to grant the relief prayed for, the district court would set aside valid and subsisting orders of the county court in a probate proceeding still pending, and that it had no jurisdiction except upon appeal, and that the suit should be filed in county court, where the orders and judgment were entered.

Tried by the court, and from a judgment in favor of the plaintiffs in all things as prayed for, defendant appealed.

Opinion.

The deed sought to be canceled is void because the application of the guardian, the order of the court, and the approval order, as well as the deed, show that the probate court had not the power to authorize the guardian to exchange the lands of the wards. Therefore the orders were subject to collateral attack. Withers v. Patterson, 27 Tex. 491, 86 Am. Dec. 643; Marks et al. v. Hill, Adm'r, 46 Tex. 345; Trammel et al. v. Philleo, 33 Tex. 395. .

The guardian is nowhere authorized to exchange the lands of the wards by any statute, so the probate court acted in excess of its jurisdiction. Freeman on Judgments, § 119; Crow et al. v. Van Ness et al. (Tex. Civ. App.) 232 S. W. 539.

The district court had original jurisdiction

to try the title or to remove cloud, and the appellees' petition contains all the orders, etc., of the probate court. McCampbell v. Durst et al., 73 Tex. 410, 11 S. W. 380; Id., 15 Tex. Civ. App. 522, 40 S. W. 315; Id., 91 Tex. 147, 41 S. W. 470.

Affirmed.