## CITY OF TYLER v. FIRST NAT. BANK OF BEAUMONT et al.

### No. 8703.

Court of Civil Appeals of Texas. San Antonio.

Feb. 10, 1932.

Troy Smith, of Tyler, for appellant.

Warren & Warren and H. E. Lasseter, all of Tyler, for appellees.

DICK O. TERRELL, Special Associate Justice.

This is an appeal from the district court of Gillespie county, from a trial de novo in that court, after an appeal from the county court of that county, sitting in probate.

There is no statement of facts in the record, but, from the transcript, in which is included copies of certain portions of the proceedings of the probate court, and the findings of facts and conclusions of law of the trial court, the following appear to be the facts:

At the death of Sarah G. Robertson, in 1897, she bequeathed to R. L. Robertson, in trust for his child or children, the property involved in this litigation, being a lot in the city of Tyler, Smith county, Tex., with the stipulation that the trust should expire twenty-five years after her death.

R. L. Robertson was given the right to use the income and rents accruing from the property, and in consideration thereof was required to pay the taxes. He took possession of the property (on which certain improvements were located), collected the rents, and generally used the proceeds of the property until the occurrence of the matters in this litigation.

In 1917 a suit was filed in Smith county, Tex., to condemn the property for school purposes, in which suit R. L. Robertson, R. L. Robertson, Jr., H. G. Robertson, and Minnie B. Robertson were made defendants; the petition alleging that R. L. Robertson was the duly and legally appointed guardian of the estate of the minors. Commissioners were appointed and due report was made by them, and the court ordered the condemnation and ordered the money paid to the respective owners, as shown in the report of the commissioners. R. L. Robertson was given $552.-50, Minnie B. Robertson $515.83, and R. L. Robertson, as guardian of the two minor boys, was awarded $1,031.67. The money was paid to the clerk of the court, who paid to R. L. Robertson and Minnie B. Robertson the amounts awarded to them.

At about the same time it had been agreed between the said R. L. Robertson and the city of Tyler that out of the proceeds of the condemnation about $880 due the city as taxes should be paid. And it reasonably appears that, contrary to the terms of the trust agreement in the will of Sarah G. Robertson, above mentioned, the taxes were not paid by the said R. L. Robertson, but were by this agreement taken out of the money awarded to the two minor boys.

In the condemnation suit R. L. Robertson filed waivers for himself and as guardian of the children. The minors were never served with any character of notice in that suit. In fact, Robertson was not their guardian, and was not appointed as such until the year 1918.

The entire proceedings in that suit in Smith county were set aside by decree of court in 1930.

In 1918 R. L. Robertson applied to the county court of Gillespie county to be appointed guardian of R. L. Robertson, Jr., and H. G. Robertson. He was appointed as such, and duly qualified by taking the oath and giving the usual bond, which was approved on January 28, 1918. His inventory showed only the two-thirds interest in the property involved herein. In the following March he made application to sell the property, reciting that it was necessary to make the sale for the purpose of paying debts, and that it would be more advantageous to the estate of the wards to sell the undivided interest of the minors in the property.

On April 19, 1918, the court granted the application, reciting that the personal property (of which there was none) and the proceeds of former sales (of which there were none) were insufficient to pay the debts against the estates of the wards, and that the sale of the undivided interest of the wards in the property would be advantageous to the estate, and reciting "said guardian having heretofore filed a good and sufficient bond." Report was duly made showing the sale of the minors' interest for the sum of $1,031; this being the same figure (except for sixty-seven

**456**

cents) as that awarded to the minors in the condemnation proceedings in Smith county.

The sale was approved on May 3, 1918, the order reciting, in addition to the usual recitals, that "it further appearing to the Court, that prior to said sale, on or about the 30th day of August, 1917, that said City of Tyler, in the exercise of their right of Eminent Domain, by proper proceeding in the County Court of Smith County, Texas, condemned the property for public use and that judgment was, on that date, rendered in favor of said City of Tyler, and the proceeds of said sale of condemnation deposited in the office of the County Clerk of said Smith County, Texas, and that this sale is in confirmation and ratification of said condemnation proceeding." In accordance with this authority, the guardian executed his deed conveying the property to the city of Tyler.

On September 28, 1930, the minors, R. L. Robertson, Jr., and H. G. Robertson, as well as Floyd Robertson, who had been born after the events heretofore mentioned, acting by their mother, Estella K. Robertson, as next friend, filed a bill of review in the county court of Gillespie county to annul all the guardianship proceedings heretofore recited for the sale of the property. This action was a direct attack, brought in the same court, and with the original purchaser, to wit, the city of Tyler, as defendant.

In the bill of review, various matters were set up as a basis for the relief sought; it being alleged that there was no inventory filed; that the application for the sale did not have attached to it an exhibit under oath, as required by statute; that it was not shown that there were any debts against the estates, and, in fact, there were no debts; that no bond was required or, in fact, given as required by the statute; and that certain fraud existed.

The city of Tyler filed its answer, and thereafter the appellee First National Bank of Beaumont was substituted as plaintiff by reason of the fact that it had qualified as guardian of the minors.

The probate court refused the prayer of petitioners, and the case was duly carried to the district court, in which, after a trial, the judge withdrew the case from the jury and rendered judgment in favor of the guardian, granting the relief prayed for, and, in addition thereto, adjusted the equities between the parties on account of certain expenses incurred in regard to the property, which are not necessary here to be detailed.

The trial court filed his findings of fact, showing substantially the facts herein set out, and expressly found that there was no exhibit filed showing the condition of the estate, and that there were, in fact, no debts existing against the estate. He further found that no bond was given by the guardian at the time of the sale, as required by statute.

The court also filed his conclusions of law, concluding that the papers in the proceedings did not show the existence of debts, and that for that reason, and for the reason of the nonexistence in fact of debts, and of the failure of the guardian to attach the exhibit showing the condition of the estate, and of the failure of the court to require the bond, the sale was void. The court also found that the real purpose of the sale by the guardian was to confirm the action of the court of Smith county, and concluded that the probate court had no authority to order a sale for that purpose, or for any other purpose not provided by the statute.

He also adjusted the equities because of the expenditures above mentioned.

In our judgment, the action of the trial court was correct and should be in all things affirmed.

█ We have carefully read the authorities cited by appellant, and do not find them to sustain its position. Most of them are causes in which the attack on the judgment of the probate court was made collaterally, and, following the well-known rule, those authorities hold that the probate court is the court of general jurisdiction, and that its judgments are presumed to have been properly rendered on sufficient facts and are not subject to collateral attack. But this attack is not collateral, but direct, being brought by bill of review in the same court and with the same parties before the court. No other parties are shown to have acquired any rights or equities; hence it is manifest that authorities based upon collateral attacks have no application to the facts of this case. And the authorities involving certiorari may be likewise distinguished.

██ It is required by the statute governing sales by guardian (R. S. art. 4201) that the order of sale shall "require the guardian to file a good and sufficient bond, subject to the approval of the court, in an amount equal to twice the amount for which such real estate is sold."

It was held in American Indemnity Company v. Noble (Tex. Com. App.) 235 S. W. 867, that this statute requires an independent and separate bond from that given as a qualification of the guardian. It was held in Woods v. Sloan (Tex. Civ. App.) 9 S.W.(2d) 485, that failure to give the bond made the sale void, so as to render it subject to a collateral attack. This decision, it is true, was reversed by the Supreme Court, 25 S.W.(2d) 309, holding that such failure did not make the sale void, but merely voidable, and therefore not subject to collateral attack, but, as above stated, this is not a collateral, but a direct, attack, and therefore whether the sale be void or voidable on account of the failure to fur-

nish bond, as the statute requires, we hold it is subject to be canceled by direct attack, and, the court having expressly found on this direct attack that the bond was not given, and that the sale was therefore illegal under the statute, his decision should be upheld.

██ It is our further opinion that the failure of the guardian to comply with article 4196, requiring the guardian to set forth fully with his application an exhibit, under oath, showing fully the condition of the estate, renders the sale illegal upon the direct attack. Such is the ruling in Mullinax v. Barrett (Tex. Civ. App.) 173 S. W. 1181. And it is our further opinion that, since the authority to sell was rested in part upon the necessity to make the sale for the payment of debts, when there were in fact no debts shown or existing, the sale was void for that reason. Of course, the probate court could not order a sale to confirm a condemnation proceeding in another county—that being a sale not authorized by the statute. Crier v. Cowden (Tex. Civ. App.) 251 S. W. 822.

We find no error in the action of the court in adjusting the equities between the parties, and therefore the judgment of the trial court is in all things affirmed.

SMITH, J., disqualified and not sitting.