STOKES et al. v. TUMULTY et al.

No. 12971.

Court of Civil Appeals of Texas. Fort Worth.

May 4, 1934.

Rehearing Denied Sept. 14, 1934.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

—◆—

[redacted]

J. W. Young, D. A. Nunn, and S. A. Denny, all of Crockett, and J. M. Burford, of Dallas, for appellant.

A. H. Britain and Bullington, Humphrey & King, all of Wichita Falls, for appellees.

LATTIMORE, Justice.

Appellant, guardian, in July, 1930, signed as such a contract to purchase from appellee Harper his improved real estate in Wichita Falls for the total price of $10,000, being $5,000 cash and the execution of a vendor's lien note due on or before five years for the remainder. The guardian made application to the probate court for permission to make the purchase for a home for the ward and as an investment, setting up in the application the facts above set out, and that the estate had on hand in excess of $5,000, and attached to the application the contract of sale.

The probate court entered its order approving the "contract of investment" and authorized the guardian to consummate the purchase. This was accordingly done, the guardian signing the vendor's lien note "Paul B. Stokes as guardian of Marie K. Stokes." The note was that day transferred without recourse to appellee Mrs. Tumulty. Appellant and his daughter, the ward, occupied the house for some months and have since rented out the same. The guardian paid interest, taxes, and a portion of the principal of the note.

In 1932 Mrs. Tumulty sued Stokes as guardian and individually on the note and the ward and the Harpers to foreclose the lien. The guardian reconvened for the moneys paid from the estate of his ward, alleging the sale to be invalid. From a judgment for plaintiff, the guardian appeals.

Articles 4182–4187, Rev. Statutes, provide for purchase by a guardian of real estate. Article 4182 reads:

"When the guardian may think it best for his ward to have a surplus of money on hand invested in real estate, he shall file a written application in the court where the guardianship is pending, asking for an order of such court authorizing him to make such investment sought to be made, and the reasons why the guardian is of the opinion that it would be for the benefit of the ward to have the same made."

[redacted] Article 4185 requires that the judge ascertain that the title to the real estate is "valid and unincumbered." We believe the probate court mistook the direction of the statute in approving the purchase. That statute does not in so many words prohibit the execution of notes for the purchase money, neither does it authorize such. However, the command to the court to ascertain that the title is unencumbered would be idle if

418

the guardian could immediately destroy that virtue. If the Legislature intended to give that power to the guardian, the guardian could also assume a note already in existence. It is true that other statutes give the court power to create liens against the ward's real estate, but these are in cases where the property already belongs to the ward and the law is faced with the necessity of dealing with the situation as it exists, i. e., with making the best for the ward out of real estate already on hand. Stillwell v. Standard Sav. & Loan Ass'n (Tex. Civ. App.) 30 S.W.(2d) 690. A similar distinction is recognized that a married woman may sign a binding note for improvement of her separate realty but not to acquire realty for her separate estate.

In Crier v. Cowden (Tex. Civ. App.) 251 S. W. 822, 823, in which a probate court had attempted to authorize an exchange of lands, the opinion says:

"The guardian is nowhere authorized to exchange the lands of the wards by any statute, so the probate court acted in excess of its jurisdiction."

We do not pursue our inquiry into the common law which is applicable to our probate court, Minter v. Brunett, 90 Tex. 245, 38 S. W. 350, for when the Legislature speaks as to how and when the ward's funds may be invested in real estate unius inclusio alterius exclusio. McCamey v. Hollister Oil Co. (Tex. Civ. App.) 241 S. W. 689, affirmed 115 Tex. 49, 274 S. W. 562.

"If satisfied that * * * the title to such real estate is valid and unincumbered the court may approve the contract." But if not, we must say the court may not approve the contract. It seems to us the statute evidences an intention that the title vest in the ward unencumbered.

This suit is a collateral attack to the probate order. We believe the judgment is void. While the investment of the ward's funds is committed to the jurisdiction of the county court, still it is apparent on the face of the record that the granting of the order was beyond any authority given him by the statute. He had the power and the duty to enter a judgment. Any judge has that power in each case before him, for some disposition must be made of it, but the only power here existing was to say "no." Crier v. Cowden, supra. The power to grant relief is a part of the jurisdictional facts. Smith v. Paschal (Tex. Com. App.) 1 S.W.(2d) 1086.

Appellees Harper and the agent of appellee, Mrs. Tumulty, knew the facts and must be charged with the legal consequences thereof. We are aware that a hardship results whichever way this case is decided, but any other holding would vitiate the protection the government attempts to place around estates of infants.

We are not able to hold that Stokes is to be held to have purchased the property individually since his authority as guardian fails. All parties knew the facts. All are presumed to know the law. Therefore, art. 5932, R. S., making the representative signatory liable if acting without authority from his principal, is not applicable "where all the facts are known to both parties, and the mistake is one of law as to the liability of the principal, the fact that the principal cannot be held is no ground for charging the agent." International Store Co. v. Barnes (Mo. App.) 3 S.W.(2d) 1039, 1041. The guardian acted with full authority of his superior officer, the county court. The vice of the situation arises not out of misstatements by Stokes but the error of the authorizing power. The equities arising from the possession of the property since 1930 are yet to be adjusted.

The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.