Arlene JANKE et al., Appellants,

v.

William C. KASTRIN, Appellee.

No. 5738.

Court of Civil Appeals of Texas.

El Paso.

Sept. 15, 1965.

Rehearing Denied Oct. 6, 1965.

Gerald B. Shifrin, El Paso, James R. Warncke, San Antonio, for appellants.

Peticolas, Luscombe & Stephens, Hardie, Grambling, Sims & Galatzan, El Paso, for appellee.

CLAYTON, Justice.

This is a will contest. Appellee filed an application to probate the will of Alexander F. Janke, Sr., which will was admitted to probate. Appellants filed a contest to the probate in the El Paso County Court at Law, in Probate, in Cause No. 16734, alleging that the deceased lacked testamentary capacity to make a will, was acting under undue influence and that the proffered will was not executed in the manner and with the solemnity required by law for the execution of wills. A trial was held in this cause, both parties appearing by attorneys, and the County Court at Law, on May 21, 1962, passed upon the issues by judgment of that date, finding that the testator Janke, at the time of execution of the will, was of sound mind and was not subjected to undue influence, and that the will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid will, admitted the will to probate and appointed the proponent-appellee Independent Executor of the estate.

Appeal from this judgment was taken to the District Court of El Paso County and docketed as Cause No. 103309. Thereafter, and before any decision was rendered in the appeal, contestants moved for non-suit, which was granted by the court on January 10, 1964 and the suit was dismissed "without prejudice at Contestant's costs". A certified copy of this order of dismissal was filed in County Clerk's office.

Subsequently, appellants filed another suit in the County Court at Law under Cause No. 74–1 seeking to vacate, revoke and set aside the order of May 21, 1962 in Cause No. 16734 which admitted the will to probate, again pleading lack of testamentary capacity, undue influence and lack of formality required for execution of wills. Appellee answered by general denial and specially pleaded the former proceedings set out above as in bar of the relief asked for in this suit, and alleged that the effect of the dismissal entered in Cause No. 103309 in the District Court was to reinstate the judgment of May 21, 1962; that all matters that were or could have been presented to the County Court, with reference to the validity of the will, were determined, adjudged and decreed against contestants by such judgment of May 21, 1962; that the parties to the prior suit were identical to the parties in the new suit, such judgment was res judicata between the parties, and constituted estoppel against attacking the validity of the will. Appellee then moved for summary judgment, which was granted, and on appeal therefrom the District Court, in Cause No. 110480, likewise sustained appellee's motion for summary judgment against appellants; hence the appeal before us.

Appellants advance three points of error: First, that the County Court and District Court erred in holding that the first appeal, in which appellants' non-suit was granted, "without prejudice", amounted to res judicata and estoppel, and erred in granting summary judgment against appellants without ever hearing the case on its merits or granting a trial de novo; second, that the County and District Courts erred in holding that the will was legally admitted to probate without any *new* order having been entered in either County or District Court, admitting the will to probate; and third, that the County and District Court erred in holding that Rule 339, Texas Rules of Civil Procedure, was applicable where appeal is perfected to District Court, in which court jurisdiction attached, thus abrogating the judgment of the County Court, under circumstances where voluntary non-suit was taken and the appeal dismissed without prejudice, instead of holding that Rule 339 was applicable only to cases wherein the District Court acquired no jurisdiction of the appeal.

Rule 339, T.R.C.P., as amended in 1962, provides: "Where the judgment of the district court is one of dismissal of the appeal and a certified copy of such judgment of dismissal is entered of record on the minutes of the county court, the decision, order,

decree or judgment of the county court appealed from shall stand as if no appeal had been taken. As amended by order of April 12, 1962, effective Sept. 1, 1962." The historical background of the rule is given in the footnote in V.A.C.S., as follows:

"Note: Rule 339 formerly dealt with the appeal bond in guardianship proceedings. Its source was Art. 4323. By amendments effective September 1, 1962, Rules 332 to 339, inclusive, are rewritten and rearranged to establish uniform procedures applicable to appeals in both estate and guardianship proceedings. The provisions of Rule 339 are adapted from former Rule 343. * * *"

■ Rule 339 was in effect when the non-suit was taken and the order of dismissal entered in Cause No. 103309 on January 10, 1964. We hold that it was applicable here without such limitation as assigned to it by appellants in their third point; i. e., that Rule 339 was applicable only to cases wherein the District Court acquired no jurisdiction of the appeal. The opinions and authorities relied on by appellants were written prior to the effective date of Rule 339 and thus have no application here. We feel that although the District Court, in Cause No. 103309, used the wording "without prejudice" in its order dismissing the cause on appeal, such wording in no way altered the effectiveness of the provisions of Rule 339. We further hold that reinstatement of the County Court at Law judgment of May 21, 1962 in Cause No. 16734 occurred automatically as if no appeal had been taken and without the necessity of any new order admitting the testator's will to probate, contrary to appellants' contention in their second point. See Ehrhardt v. Ehrhardt, 364 S.W.2d 471, 473, syl. 4 (Tex. Civ.App., 1963, n. w. h.). To hold otherwise would be to encourage a litigant, facing an adverse judgment in the county court, to effectively avoid it by perfecting a frivolous appeal to the district court and later to procure its dismissal, thus obtaining a second chance at securing a favorable county court judgment.

■ We believe that the Texas Supreme Court case of Ogletree v. Crates, 363 S.W.2d 431, 435, syl. 6 (1963), cited to us by appellee in his brief, which recites: "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried", effectively disposes of appellants' contention in their first point regarding res judicata. See also City of Dallas v. Dixon, 365 S.W.2d 919, 926, syl. 11 (Tex.S.Ct. 1963). A rehearing on the case on its merits in the district court in the first appeal, as provided for in Rule 337, T.R.C.P., was precluded by appellants' own act in taking a non-suit and procuring dismissal of the appeal. The first point, as well as the other points of error discussed above, are overruled.

Having examined all points of error and having overruled the same, judgment of the court below is affirmed.