Donnie **LADEHOFF**, Appellant,

v.

Donald **LADEHOFF**, Appellee.

No. 7753.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 20, 1967.

Rehearing Denied Dec. 26, 1967.

Underwood, Wilson, Sutton, Heare & Berry and Jerry F. Lyons, Amarillo, for appellant.

Lumpkin, Watson & Smith and Deane C. Watson, Amarillo, for appellee.

DENTON, Chief Justice.

This is a will contest. Donnie Ladehoff filed this suit in the nature of a Bill of Review in which he attacks the judgment probating the will of Louise Ladehoff, deceased. The County Court sustained its prior probate judgment of the will; and upon appeal, the District Court entered a Summary Judgment against appellant, the contestant, on the ground the original probate judgment was final and conclusive of all issues sought to be raised by appellant in this cause.

Louise Ladehoff, deceased, was the wife of appellee, Donald Ladehoff; appellant Donnie Ladehoff, was the natural son of Donald and Louise Ladehoff. Mrs. Ladehoff died August 17, 1950 and was survived by her husband, an adopted son, Wayne then approximately sixteen years of age; and Donnie, then approximately six years of age. On or about July 23, 1956, a purported handwritten will of Mrs. Ladehoff,

deceased, dated June 28, 1949, was discovered in the home. The will sought to bequeath the two sons $500.00 each and the remainder of the estate to her husband. This will was offered for probate on August 23, 1956. On September 1, 1956, Wayne,. having reached his majority, filed his opposition to the probate of the will. A hearing was commenced on February 19, 1957, and postponed until a later date. On April 23, 1957, Wayne appeared in open court and by attorney and announced a settlement and compromise of his controversy and the court dismissed his cause of action "with prejudice". The application of Donald Ladehoff to probate was resumed on July 25, 1957, at which time the County Court entered its order admitting the will to probate. The judgment reflects appellant, Donnie Ladehoff, then a minor, was represented by a duly appointed Guardian ad Litem, a licensed attorney, who "personally appeared in all proceedings in this cause before the court and during the presentation of all of the evidence heard by the court, acting on the behalf of said minor". The court fixed the fee for the Guardian ad Litem's services to be paid out of the estate. On February 10, 1966, which was within two years after he had reached his majority, Donnie Ladehoff filed this suit in the nature of a Bill of Review under Sections 31 and 93 of the Probate Code, V.A.T.S., in which he attacks the will of Louise Ladehoff, contending the will was a forgery. The County Court denied the contest and upon appeal the District Court entered a Summary Judgment against the contestant and held the original probate judgment was a final judgment and conclusive of all matters raised in the instant proceedings.

The basic question to be determined is whether an interested minor at the time a County Court judgment probating a will was rendered, is precluded from "contesting" the will in the District Court within two years after reaching his majority by the fact a Guardian ad Litem was duly appointed and represented the minor in the original proceedings, which resulted in the

will being admitted to probate. It is appellant's principal contention that under Sections 31 and 93 of the Probate Code an aggrieved minor has two years after the probate court judgment is entered, to contest the will by a Bill of Review notwithstanding the minor was properly before the Probate Court and represented by a duly appointed Guardian ad Litem. The argument is the minor was simply made a party of the original probate proceedings as an "interested person" under Section 128 of the Probate Code, and was not a contestant in the proceeding.

Sections 31 and 93 of the Probate Code read as follows:

"31. Bill of Review

Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for a bill of review."

"93. Period for Contesting Probate

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest."

In the original probate proceedings of the County Court, commenced in February 1957 and completed on July 25 of that year, Gene McGlasson, a practicing attorney, was appointed by the court to act as Guardian ad Litem for the appellant, then a minor, in compliance with Section 376 of the Probate Code. The judgment states and it is uncontradicted the Guardian personally appeared in all proceedings and acted on behalf of the minor. There are no pleadings nor is it contended there was fraud, collusion or negligence on the part of the Guardian in these proceedings.

As a general rule, a minor is bound just as any other litigant by the judgment rendered in a suit of which he is a party wherein he is represented by a Guardian ad Litem, in the absence of fraud, collusion or mistake. Reynolds v. Prestidge (Tex.Civ.App.), 228 S.W. 358 (Writ Ref.). Smith v. Taylor, 34 Tex. 589; 30 Tex. Juris.2d, Infants, Section 86, page 736.

In the case at bar, the County Court was required to appoint a Guardian ad Litem for the minor in the original proceeding; Section 376 of the Probate Code, Rule 173, Texas Rules of Civil Procedure and Cooper v. Liverman (Tex.Civ.App.), 406 S.W.2d 927, and cases cited therein. The failure to have appointed a Guardian would have rendered the judgment admitting the will to probate voidable.

The thrust of appellant's position is that the doctrine of res judicata is not applicable here for the reason there has been no prior adjudication of the will contest. That is to say, this minor, although represented in the original proceedings by a Guardian ad Litem, did not "contest" or oppose the original probate of the will; that Sections 31 and 93 of the Probate Code permits the present attack upon the will as it was filed within two years after appellant reached his majority. In our opinion this contention is without merit. The original probate proceeding, ending in a judgment admitting the will to probate, was rendered by the County Court, a court of general jurisdiction pertaining to estates of dece-

dents. Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427 and Section 4 of the Probate Code. It is uncontradicted the County Court has competent jurisdiction of the parties and subject matter in issue.

 In our opinion, the provisions of Sections 31 and 93 of the Probate Code offer no relief to appellant. We agree with the interpretation placed on Section 93 by the opinion in Martinez v. Arredondo, Tex.Civ.App., 406 S.W.2d 513. There the court held Section 93 "is merely a limitation statute and was not intended to create new substantive rights for contestants." The minor was a party to the original probate proceeding and was represented by a duly appointed Guardian ad Litem. It cannot be said the minor's interests were not protected even though the probate was not "contested". To hold otherwise would render the appointment and representation of the minor by the Guardian ad Litem meaningless. In the absence of fraud, collusion or neglect, we conclude the original judgment admitting the will to probate was final and conclusive of issues sought to be raised by appellant in this cause.

The judgment of the trial court is affirmed.