**Donie LADEHOFF, Petitioner,**

v.

**Donald LADEHOFF, Respondent.**
**No. B–652.**

Supreme Court of Texas.

Oct. 9, 1968.

Rehearing Denied Nov. 20, 1968.

Underwood, Wilson, Sutton, Heare & Berry, Jerry F. Lyons, Amarillo, for petitioner.

Lumpkin, Watson & Smith, Deane C. Watson, Amarillo, for respondent.

POPE, Justice.

Donie Ladehoff, within two years from the time he became twenty-one, filed this suit in the probate court of Randall County attacking a judgment of that court which in 1957, almost ten years earlier, had admitted his mother's will to probate. The probate court rendered a take nothing judgment against Donie. The district court, on appeal, rendered a summary judgment that Donie take nothing on the ground that the 1957 probate judgment "is in all things a final judgment and conclusive of the matters attempted to be raised by contestant." The court of civil appeals affirmed the summary judgment of the district court. 423 S.W.2d 115. We granted Donie's application for writ of error to determine whether, as he asserts, Sections 31 and 93 of the Probate Code afforded him methods to make a direct attack upon the probate judgment within two years from the time he attained majority; or, as his father, Donald Ladehoff urges, the 1957 probate judgment is res judicata of Donie's contest by reason of Donie's participation in the 1957 proceedings through a guardian ad litem appointed by the probate judge. The father also contends that Donie failed to assert grounds for an equitable bill of review. In our opinion Donie had the right under Section 93 of the Probate Code to make a statutory direct attack upon the earlier judgment of the probate court within two years of the time he attained his majority. We reverse the judgments below

and remand the cause to the district court for trial upon the merits.

Donie was the natural son of Louise Ladehoff and the respondent, Donald Ladehoff. When Louise, Donie's mother, died in 1950, Donie was six years of age. Louise and Donald also had an adopted son, Wayne, who was then sixteen years old. It was not until 1956 that Donald, the father, offered the 1949 will of Louise Ladehoff for probate. He explained that on July 23, 1956, he discovered her holographic will beneath a rug in a seldom-used room of the family home. The two-sentence document gave Donie and Wayne $500.00 each and "everything else" to her husband, Donald.

Donald on August 23, 1956, offered the document for probate as his wife's last will. Citation on the application for probate was by posting notices, since the application was for the probate of a written will produced in court. See, Section 128 (a), Probate Code, Vern.Tex.Civ.Stats. At the time the application was filed, Wayne, the adopted son, was twenty-two years of age. He filed a contest of the application to probate. On February 19, 1957, there was a hearing on Wayne's contest, but it was postponed without any decision. On April 23, 1957, the probate court, on Wayne's motion, dismissed the contest with prejudice. On July 25, 1957, the probate court rendered judgment admitting Louise's will to probate.

Donie, at the time of the probate proceedings was a minor. He was not personally cited, but the probate judge, prior to the rendition of the order admitting the will to probate, appointed a guardian ad litem to represent Donie's interest. The guardian ad litem did not join in Wayne's contest of the will and did not institute a contest in Donie's own right. The guardian's only contact with the probate proceedings is evidenced by this recital in the probate judgment:

"It appears further that Donie Ladehoff is the son of decedent, Louise Lade-

hoff, and proponent, Donald Ladehoff, and that the will presented for probate herein makes a bequest to the said Donie Ladehoff, and that he is a minor. Therefore, the Court deems it proper to appoint and has appointed and does hereby affirm the appointment of the Honorable Gene McGlasson as Guardian Ad Litem for said minor, said Guardian being a licensed and practicing attorney before this bar and of the State of Texas, representing the interests of said minor in all things concerned in this cause. The said Guardian Ad Litem has personally appeared in all proceedings in this cause before this Court and during the presentation of all of the evidence heard by the Court, acting on behalf of said minor. * * *."

Since this case arises out of the appointment of a guardian ad litem for a minor in a probate proceeding in which citation was by posting notices, rather than by personal service, we reserve judgment with respect to the effect of such an appointment following personal service when required or authorized by a number of provisions of the Probate Code.[1]

On February 10, 1966, when Donie was twenty-two years of age, he filed a pleading in the original 1956 probate proceedings to contest and set aside the original probate judgment. Donie alleged that the will was a forgery and was not presented within four years of the death of the testatrix. He has unsuccessfully contended in each of the courts below that his suit was a statutory direct attack upon the probate judgment as authorized by Sections 31 and 93 of the Probate Code, for which reason the 1957 judgment was not res judicata. Donald, on the other hand, has successfully urged that Donie's suit was barred by the plea of res judicata and also that Donie could not avail himself of the remedy provided by Section 31 of the Probate Code in the absence of allegations and proof of facts which establish an equitable bill of review. It is our opinion that Donie's action was one which contested the 1957 will under Section 93 rather than an attack in the nature of a bill of review under Section 31. Section 93 provides:

"Sec. 93. Period for Contesting Probate. After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward.

Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. Acts 1955, 54th Leg., p. 88, ch. 55."

■ The 1957 probate judgment was not res judicata of Donie's Section 93 will contest. An application for probate is a proceeding in rem. Section 2(e), Texas Probate Code (1956); Masterson v. Harris, 107 Tex. 73, 174 S.W. 570 (1915). In such a proceeding, the power of the probate court is limited to determining whether the proposed document is the last will of the deceased. Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, 406 (1942). An in rem judgment, such as the order which admitted the will in question to probate, is binding upon the whole world and specifically upon persons who have rights or interest in the subject matter, and this is so whether those persons were or were not personally served. McCamant v. Roberts, 66 Tex. 260, 1 S.W. 260 (1886); Gardner v. Union Bank & Trust Co., 159 S.W.2d 932 (Tex.Civ.App.1942, writ ref.); 50 C.J. S. Judgments § 910c(3).

Since a probate judgment, such as the one here in question, is binding upon every-

---

1. See, Sections 33(c), 33(f), 50, 75, 86(a), 121(b), 130(c), 131(d), 136(e), 148, 172(a), 374, 385, 407, Vern.Tex.Civ.Stats.

one until it is set aside by a proper direct attack, the Legislature, as is evident from the Probate Code, has liberally provided several alternative methods by which interested persons may make such direct attacks. Roberts, Procedural Content of Will Contests, 14 Baylor L.Rev. 316 (1962). Section 28 authorizes an appeal by an interested person to the district court. Section 30 authorizes an interested person to revise and correct probate proceedings within two years by writ of certiorari. Minors have two years from the removal of their disability within which to apply for such revision and correction. Section 31 authorizes statutory bills of review which may be filed in the court in which the probate proceedings were had. Minors must institute a bill of review within two years after the removal of their disabilities. Section 93 provides a means to contest a will that has been admitted to probate by the institution of suit by an interested party within two years from the order admitting it to probate. Minors again are given two years from the removal of their disabilities within which to commence such a contest.

■ Sections 30, 31 and 93 of the Code show the general scheme of the Probate Code to preserve to minors their rights in probate proceedings such as this so they can have an opportunity to assert them later in the same proceeding. Each of the procedures is a method for making a direct attack upon the probate judgment. The Code, as to minors, keeps the probate judgment voidable until they can avail themselves of their rights under the Code. An attack upon a probate judgment under Section 93 is a method for making a direct attack which is in addition to the forms for direct attacks authorized by Sections 28 and 30, which are appellate in nature. City of Tyler v. First National Bank of Beaumont, 46 S.W.2d 454 (Tex.Civ.App.1932, writ ref.); see Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932 (1935).

In Franks v. Chapman, 61 Tex. 576, 582 (1884) the court analyzed Article 3213 of the Sayles Texas Civil Statutes (1888).

That article was the predecessor of Section 93 of the Probate Code. The court held a number of things. It ruled that an action instituted under Article 3213 was a direct attack, was not the same as certiorari or appeal, such a direct attack did not have to be appellate in nature, and the operation of the additional remedy was not restricted to the proof required for a bill of review. The court wrote:

"It is a general rule that the judgments of courts of general jurisdiction are final and conclusive of the questions therein decided, jurisdiction of the subject matter and of the persons to be bound having been acquired, unless the same be set aside through some revisory proceeding permitted by law. But while this is true, it does not follow that such revisory proceeding must be prosecuted in some tribunal exercising strictly an appellate jurisdiction over the proceedings of the court in which the judgment is rendered.

" * * *

"We are therefore of the opinion that it was the intention of the legislature to give to persons interested in a will a remedy by which they could test its validity, either for a want of those things essential under the statute to the making of a will, or for the want of those requirements necessary to clothe the probate court with power to make valid probate.

" * * *

"To restrict the operation of the remedy in effect to that of a bill of review, strictly, would be to take from it that which will make it accomplish the intended purpose."

■ We conclude therefore that Donie's action was a statutory direct attack upon the prior probate judgment which had been rendered in a proceeding in which he had not been personally served. For that reason several of the cases upon which respondent relies in his argument that Donie is bound by the prior judgment are not

in point, since they are cases which concerned a collateral attack rather than a direct attack upon a prior judgment. Respondent relies upon Dancy v. Stricklinge, 15 Tex. 557 (1855) and Wright v. Doherty, 50 Tex. 34 (1878). The opinion in Dancy v. Stricklinge says that the original order of the probate court "remains the judgment of the court, unappealed from and unreversed, and cannot now be questioned by the plaintiffs, who were thus privy to it, in this collateral action." In Wright v. Doherty, supra, the suit was one in trespass to try title in which the guardian's acts in the probate proceedings were collaterally attacked.

Donie, in addition to his action in the nature of a will contest under Section 93, alleged his rights under Section 31 [2] of the Probate Code. The latter section authorizes a statutory bill of review. Norton v. Cheney, 138 Tex. 622, 161 S.W.2d 73 (1942); Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571 (1941); Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, 934 (1935); Janson v. Jacobs, 44 Tex. 573 (1876); Schoenhals v. Schoenhals, 366 S.W.2d 594 (Tex.Civ.App.1963, writ ref. n. r. e.); 15 Baylor L.Rev. 351 (1963). It has been suggested that the two sections of the Probate Code, in some instances, may provide the same remedy. Roberts, Procedural Content of Will Contests, 14 Baylor L.Rev. 316, 327 (1962). It is our opinion that Donie's action and contentions in this case more appropriately may be classified as a contest of the will as authorized by Section 93.

■ We must now determine whether the appointment of a guardian ad litem for Donie deprived him of his statutory right to make a direct attack under Section 93.

It must be kept in mind that Donie's guardian ad litem did not institute or join in the 1956 will contest, and did not seek a de novo review of the probate order subsequent to its entry. In our opinion, Donie is now making his first attack upon the order admitting the will of Louise Ladehoff to probate. We think that he is entitled to do so because, regardless of whether the probate court appointed a guardian ad litem, the probate judgment remained subject to direct attack under the broad and unrestricted language of Section 93 pertaining to minors. Franks v. Chapman, 61 Tex. 576, 582 (1884); Parsekian v. Oynoian, 299 Mass. 543, 13 N.E.2d 409, 115 A.L.R. 470 (1938). The 1957 order admitting the will of Louise Ladehoff to probate remained subject to direct attack under the traditional rule stated in 57 Am. Jur., Wills, § 934, p. 614:

> "A judgment or decree of a court with jurisdiction of a proceeding to probate a will, which admits the will to probate, is conclusive of the validity of the will; it is not subject to collateral attack, but stands as final *if not modified, set aside, or revoked by a direct proceeding, or reversed on appeal to a higher court. * * *.*" (Emphasis added)

The vulnerability of respondent's theory is evident when carried to its inescapable conclusion; that is, if a minor interested party is represented by a guardian ad litem at the probate hearing, though he was neither named nor served as a party, the methods of statutory attack are precluded by the appointment. For example, if, as respondent urges and the court of civil appeals has held in this case, the probate judge was required to appoint a guardian for Donie in 1957, and if that appoint-

2. "Sec. 31. Bill of Review. Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for a bill of review. Acts 1955, 54th Leg., p. 88, ch. 55."

ment bound Donie by the judgment, then Section 93 in so far as it purports to preserve the rights of a minor such as Donie, would be meaningless. The rights which Section 93 purported to preserve to such a minor to attack an order or judgment of the probate court would already be defeated through the appointment of a guardian ad litem in the former proceeding. The question before us is not whether the court's appointment of a guardian was error, nor is there any contention that the guardian failed to protect the minor's interests. In fact, it appears that the guardian carefully avoided taking any steps which would cut off the minor's rights after he became of age; at which time Donie could make his own decision about proceeding against his father as an adverse party at a time when he may not be living in the same home. In our opinion, the express language of Section 93 empowered Donie to make the direct attack which he instituted, and there is no proviso which would eliminate that right by the court's appointment of a guardian.

■ Respondent relies upon Section 376 [3] of the Probate Court and Rule 173, Texas Rules of Civil Procedure, as authorization for the appointment of a guardian and for the conclusion that the appointment barred Donie from later availing himself of the rights preserved to him by Section 93. Section 376 is no authority for the appointment of a guardian for a minor upon the hearing of the application for probate in which personal service is not required. Section 376 is located among those probate sections which concern the partition and distribution of estates. Secs. 373–388. Unlike the procedures required for an application for probate of a written will produced in court, an application for partition and distribution requires citation by personal service upon all persons interested in the estate. Secs. 374–375. The appointment of a guardian ad litem in such a proceeding is expressly required. Sec. 376. The first sentence of Section 376 shows that it applies when the issues arising out of the proof of a will have already been determined. This is shown by the requirement for the appointment of a guardian ad litem for minors "who are entitled to a portion of an estate." We conclude that the specific requirement for the appointment of a guardian ad litem at the end of the probate proceeding for the purpose of effecting a partition and distribution of the estate is no authority for such an appointment upon application for the original probate of a written will produced in court.

Rule 173, [4] Texas Rules of Civil Procedure, provides for the appointment of a guardian ad litem for a minor, but the rule

---

3. "Sec. 376. Guardians Ad Litem to Be Appointed in Certain Cases.

"Where there are minors, or persons of unsound mind, having no guardian in this state, who are entitled to a portion of an estate, or whose guardians also have an interest in the estate, the court shall appoint a guardian ad litem to represent such minors, or persons of unsound minds and the court shall appoint an attorney to represent non-residents and unknown parties having an interest in the estate, if there be any. If a guardian ad litem or attorney so appointed shall neglect to attend to the duties of such appointment, the court shall appoint others in their places; and such guardian ad litem and attorneys shall be allowed by the court a reasonable compensation for their services, to be paid out of the estate of the person they represent, and

if such an allowance is not paid, an execution may issue therefor in the name of the person entitled thereto. Acts 1955, 54th Leg., p. 88, ch. 55."

4. "Rule 173. Guardian Ad Litem.

"When a minor, lunatic, idiot or a non-compos mentis may be a defendant to a suit and has no guardian within this State, or where such person is a party to a suit either as *plaintiff, defendant or intervenor* and is represented by a next friend or a guardian who appears to the court to have an interest adverse to such minor, lunatic, idiot or non-compos mentis, the court shall appoint a *guardian ad litem* for such person and shall allow him a reasonable fee for his services to be taxed as a part of the costs. Amended by order of June 16, 1943, effective Dec. 31, 1943." (Emphasis added).

contemplates an in personam action. The Probate Code has made specific provision for the appointment of a guardian at some stages of a probate proceeding but not at others. Respondent urges and the court of civil appeals in this case held that the probate judge was required to appoint a guardian for Donie in 1957, but in our opinion such an application of Rule 173 would defeat the intent of Section 93 of the Probate Code.

We find few helpful precedents. We do find, however, it has been held that a minor's representative cannot defeat a minor's right to make a direct attack upon probate judgments upon his reaching his majority. Schneider v. Sellers, 98 Tex. 380, 84 S.W. 417 (1905); Kalteyer v. Wipff, 92 Tex. 673, 52 S.W. 63 (1899); Kalteyer v. Wipff, 65 S.W. 207 (Tex.Civ.App., 1901, no writ); Wipff v. Heder, 41 S.W. 164 (Tex.Civ.App.1897, no writ). Respondent has cited several cases in support of his contention that Donie's action is barred by the 1957 judgment. One of the cases did not involve a minor's rights. Janke v. Kastrin, 394 S.W.2d 691 (Tex.Civ.App., 1965, writ ref. n. r. e.). Other cases relied upon by respondent did not concern Section 93 of the Probate Code. Cooper v. Liverman, 406 S.W.2d 927 (Tex.CivApp.1966, no writ); Parr v. Parr, 207 S.W.2d 187 (Tex.Civ.App.1947, writ ref. n. r. e.). Mason v. Mason, 366 S.W.2d 552 (Tex.Sup. 1963) was instituted under Section 93 of the Probate Code, but its disposition, by both the court of civil appeals and this court, was upon a point which did not concern the problem here presented. The only question decided in that case was that the minors were proper but not indispensable parties to the action, since their testamentary trustee was a party. Wilson v. Fisher, 105 S.W.2d 304, 305 (Tex.Civ.App.1937, writ ref.) supports the right of the minor to bring the direct attack. It denied the right of an adult to file a suit attacking an order of the probate court after two years, but it permitted minors to bring their suit. The case of Martinez v. Arredondo, 406 S.W.2d 513 (Tex.Civ.App.1966, no writ) was a case which involved Section 93. The report shows that a will was admitted to probate. Contestants filed a Section 93 will contest which terminated by a judgment against the contestants. Later the same contestants filed a second Section 93 will contest, and it was held that the judgment in the first contest was res judicata. The case is unlike the present one in which Donie filed only one Section 93 contest.

In our opinion Section 93 of the Probate Code kept the 1957 probate judgment voidable and subject to attack by Donie. We reverse the judgments below and remand the cause to the district court for a conventional trial upon the merits.