ANTONIO SALAS ET AL. v. J. J. MUNDY.

Decided March 2, 1910.

1.—Partition of Estate—Subsequent Administration—Jurisdiction of County Court.

The fact that the heirs of an intestate partitioned the estate among themselves by decree of the District Court will not deprive the County Court of jurisdiction to grant letters of administration upon the estate at the instance of a creditor at any time within four years from the intestate's death, and to subject the property of the estate so partitioned among the heirs to the payment of debts.

2.—Same—Jurisdiction—Collateral Attack—Burden of Proof.

In a collateral attack upon an administrator's sale of land by heirs who

had previously partitioned the estate among themselves, the burden of proof is on them to show from the record in the administration proceeding that the probate court had no jurisdiction and that therefore the sale was void. The presumption is to the contrary.

### 3.—Same.

When letters of administration have been granted after the required notices have been given and the heirs make no contest in the matter, a conclusive presumption exists that the probate court acted upon proper and ample evidence.

### 4.—Community Debts—Administration on Wife's Estate.

Some community debts may be chargeable against the wife's separate estate and therefore will warrant administration on the same.

Appeal from the District Court of El Paso County. Tried below before Hon. James R. Harper.

*Daniel M. Jackson, Lea & Ware* and *Robt. T. Neill,* for appellants. —The Thirty-Fourth District Court having partitioned the estate of Leonor Flores on February 25, 1894, and set apart the land in controversy to Annie Lockwood, the status of the property was thereby fixed and the County Court was without jurisdiction to appoint an administrator thereafter on July 23, 1896; and the attempted sale by Horace B. Stevens so appointed was void. Moore & Son v. Moore, 89 Texas, 29; Goldstein v. Susholtz, 46 Texas Civ. App., 582; Floyd v. Watkins, 34 Texas Civ. App., 3; Solomon v. Skinner, 82 Texas, 345; Patterson v. Allen, 50 Texas, 26; Bledsoe v. Beiler, 66 Texas, 437; Buchanan v. Heirs of Thompson, 4 Texas Civ. App., 236; Byrd v. Ellis, 35 S. W., 1070; Heard v. McKinney, 1 Posey's U. C., 83; O'Brien v. Mahoney, 179 Mass., 200, 88 Am. St., 370; Hall v. Gabbert, 213 Ill., 208, 72 N. E., 806; notes to Smith v. Smith, 119 Am. St. Rep., 586.

The court erred in admitting over plaintiff's objection at the instance of defendant, Claim Docket No. 1, showing entry of claims of Kelley & Pollard, T. H. Swain, Dr. A. L. Justice, Dolan's Star Stables and Chas. T. Rice. Puckett v. Richardson Drug Co., 1 Texas Civ. App., 634; First Natl. Bank of Weatherford v. Bruce, 55 S. W., 126.

The separate property of Mrs. Flores was not chargeable with community debts. Rev. Stats., art. 2973.

The District Court had jurisdiction to make the partition and the creditors were not necessary parties thereto, and it was immaterial whether or not they had notice. Rev. Stats., arts. 1098, 3606, 3607 and 3625; Moore & Son v. Moore, 89 Texas, 29; O'Brien v. Mahoney, 179 Mass., 200, 88 Am. St. Rep., 370; Hall v. Gabbert, 213 Ill., 208, 72 N. E., 806.

*A. G. Foster* and *W. M. Peticolas,* for appellee.—If the heirs to this estate could by an agreed partition suit in the District Court, to which the creditors were not parties, deprive the County Court of its jurisdiction to administer the estate of this decedent, then our administration statutes are rendered nugatory and of no effect; it

follows imperatively that the partition suit could not affect the jurisdiction of the Probate Court. McIlwaine's Rev. Stats., art: 1869; Cooper v. Loughlin, 75 Texas, 524; Blinn v. McDonald, 92 Texas, 604; Templeton v. Ferguson, 89 Texas, 47; Ansley v. Baker, 14 Texas, 611; Green v. Rugely, 23 Texas, 542; Matula v. Freytag, 101 Texas, 357; Lynch v. Baxter, 4 Texas, 433.

Even if said partition decree could have ousted the Probate Court's jurisdiction, had the creditors participated therein, it could not in any way have affected their rights when they were not parties; one of their rights was to have administration for the purpose of paying debts. Cooper v. Mayfield, 94 Texas, 109.

The County Court sitting in probate, on considering Horace Stevens' application for letters of administration, decreed "It appearing that the allegations contained in his petition are true, that Leonor Flores died July 30, 1893, intestate, leaving real estate and unpaid debts, and it appearing that a necessity exists for administration of her estate," and appointed him administrator. This finding and appointment could not be attacked collaterally, as in this case, for any cause—even if the partition decree could have availed on a direct attack. Templeton v. Ferguson, 89 Texas, 47; Martin v. Robinson, 67 Texas, 368; Lyne v. Sanford, 82 Texas, 58; Crawford v. McDonald, 88 Texas, 626; Rutherford v. Stamper, 60 Texas, 449; Heath v. Layne, 62 Texas, 690; Cassels v. Gibson, 27 S. W., 725; Simpkins' Admr. of Estates in Texas, chap. 4, p. 23.

In order to collect debts due by an intestate, the remedy is by administration. To this there are two exceptions:

1. When the creditor has delayed until there has been distribution. Floyd v. Watkins, 34 Texas Civ. App., 3; Patterson v. Allen, 50 Texas, 23.

2. When there is only one debt; in such cases creditor may sue the distributees and heirs. Webster v. Willis, 56 Texas, 468; Bledsoe v. Beiler, 66 Texas, 437; Henderson v. Lindley, 75 Texas, 185.

This suit was in trespass to try title for a tract of land. Leonor Flores being admitted to be the common source of title, plaintiffs proved themselves the heirs of Leonor Flores. Defendant proved a regular administration on the estate of Leonor Flores and a deed to him from the administrator. This administration is attacked by plaintiff collaterally in this suit for the land, on the ground that the debts were community debts and not separate debts; on such collateral attack the law would presume that a necessity existed for the administration from the mere fact that the Probate Court so found, and incidentally that there were debts against the estate. Templeton v. Ferguson, 89 Texas, 47; Martin v. Robinson, 67 Texas, 368; Lyne v. Sanford, 82 Texas, 58; Dunn v. Taylor, 42 Texas Civ. App., 241; Crawford v. McDonald, 88 Texas, 626; Rutherford v. Stamper, 60 Texas, 449; Heath v. Layne, 62 Texas, 690; Cassels v. Gibson, 27 S. W., 725; Simpkins, Admr. of Estates in Texas, chap. 4, p. 23, chap. 5, p. 31.

If we assume that because these debts were to druggists, doctors and undertakers they were expenses of last sickness, we have also assumed that they were necessaries and for necessaries not only the

estate of the husband, but also the estate of the wife would be liable and therefore they were proper debts to support this administration. Rev. Stats., art. 3970; Speer on Married Women, 56; Christmas v. Smith, 10 Texas, 123; Magee v. White, 23 Texas, 180.

The decree of partition in the District Court if valid between the heirs was nevertheless invalid as to the creditors and ineffective to prevent their exercise of any remedy which the law gave them. Cooper v. Loughlin, 75 Texas, 524; Blinn v. McDonald, 92 Texas, 604; Templeton v. Ferguson, 89 Texas, 47; Ansley v. Baker, 14 Texas, 611; Green v. Rugely, 23 Texas, 542; Matula v. Freytag, 101 Texas, 357; Lynch v. Baxter, 4 Texas, 433.

JAMES, CHIEF JUSTICE.—This suit was begun by a petition in trespass to try title, filed June 1, 1908, by Antonio Salas and his wife, Refugio, and Wm. T. Lockwood and his wife, Annie, against Mundy for a tract of 43.23 acres in El Paso County.

Defendant pleaded not guilty, three and five years limitations, and improvements in good faith.

Plaintiffs, by supplemental petition, pleaded that a certain deed from Horace B. Stevens, administrator of Leonora Flores, to the defendant was fraudulent and void and so irregular in its execution and record that it can not avail defendant; that at the time said Stevens was appointed such administrator (if he was so appointed) said estate owed no debts and owned no property and the County Court of El Paso County was without jurisdiction to grant such administration; that all the land owned by the said Leonora Flores was partitioned and divided between these plaintiffs and others long before the letters were granted, and that the identical land sued for was partitioned to and owned by these plaintiffs at the time of the sale to defendant and he acquired no title by said administrator's deed that he can assert against these plaintiffs, and that said deed attempting to convey title is irregular and uncertain and does not show in what capacity and for what purpose the said Stevens was acting, and was not duly and properly recorded, and is null and void and of no effect, etc. Judgment was in favor of defendant.

The court filed conclusions, in substance, these: That Leonora Flores was the common source of title; she died July 30, 1893; she left surviving her Manuel Flores, her husband, and two children, these plaintiffs, Refugio Salas and Annie Lockwood, her only heirs; that on February 25, 1894, in the District Court of El Paso County said heirs, by an agreed judgment, partitioned the property, and the portion in controversy here was set apart to Annie Lockwood; that at her death Leonora Flores was indebted to at least six different parties in different amounts; that Horace B. Stevens regularly applied for letters on July 6, 1896, which application was regularly heard and granted and he was appointed administrator by the County Court of El Paso County, which court had jurisdiction, the order reciting: "It appearing that the allegations of the applicant's petition are true, that Leonora Flores, a resident of El Paso County, Texas, died July 30, 1893, intestate, leaving real estate in said county and unpaid debts, and that necessity exists for administration on

her estate, and that applicant is entitled to letters, and is not disqualified, therefore he is appointed." That Stevens regularly qualified on July 23, 1896, that inventory and appraisement were returned and approved by an order filed and recorded. That Stevens regularly made application to sell the land involved in this suit, which came on to be heard and was granted by order in due form and reciting that "this court having heard the evidence and being satisfied that a necessity exists for said sales, ordered, adjudged and decreed that said application be granted and that said premises (to wit, the land in this suit), be sold to pay the debts of said estate, at public sale on a credit of twelve months, on the first Tuesday in November, 1898, at the door of the courthouse of El Paso County, Texas." That an amended application to sell was regularly made with due notice, and that on March 31, 1899, the court by order granted the same, reciting that: "It appearing to the court that on October 1, 1898, the court ordered sale of the premises (the land in this suit) and that the administrator has been unable to sell at the time fixed, it is therefore ordered that the administrator sell said premises under said order on the first Tuesday in May, 1899, and if then unable to sell that said order shall be a continuing one and he shall sell thereunder on the first Tuesday in any month that he shall be enabled to sell." That due notice of sale under said amended order was given and that sale was regularly made in compliance with law on June 6, 1899, at which sale J. J. Mundy was the highest bidder.

That on July 5, 1899, the administrator duly reported said sale, and on July 29, 1899, came on to be heard said report and said sale was duly confirmed by order reciting that: "The court heard evidence for and against said sale and inquired into the manner of sale, and being satisfied that the sale was fairly made and in conformity with law doth confirm the same and orders that the report be recorded and that the administrator execute conveyance to the purchaser on his compliance with terms of sale." That the administrator reported that he had cash instead of credit of one year and that the court ordered that his action in doing so be approved.

That on September 9, 1899, said administrator executed a deed to the premises in controversy to J. J. Mundy, which deed was regular in all respects and recites the orders above referred to, and that the administrator after due notice offered said premises for sale on the 6th day of June, 1899, and J. J. Mundy was the highest and best bidder, and the report of sale was made to the County Court and confirmed, and said Mundy had complied with the terms of sale, etc. The court also found as a fact that at the time Mundy purchased said property at administrator's sale he had no actual knowledge that the heirs had partitioned the land among themselves and knew nothing which would put him on inquiry and that said partition decree was not recorded until March 20, 1909.

As matters of law the trial judge concluded: 1st. That the partition decree between the heirs did not affect the right of the creditors of Leonora Flores to institute administration proceedings for the purpose of collecting their debts, because they were not parties to said partition and had no notice thereof. 2d. That the County

Court of El Paso County had jurisdiction of the administration of said estate; that all the proceedings had in that court were regular; that the deed from Stevens, administrator, and the confirmation order were regular, and that none of the proceedings can be collaterally attacked. 3d. That said administrator's deed vested title to the premises in controversy in defendant; and, 4th, that the partition decree bound only the parties to it, and as the administration proceedings bound the heirs and the creditors the defendant is entitled to recovery in this case.

Appellants' proposition under their first, second and third assignments is: "The District Court having partitioned the estate of Leonora Flores on February 25, 1894, and set apart the land in controversy to Annie Lockwood, the status of the property was thereby fixed and the County Court was without jurisdiction to appoint an administrator thereafter on July 23, 1896, and the attempted sale by Horace B. Stevens, so appointed, was void."

The above presents the pivotal question in the case. Although this was a collateral attack on the administration proceedings, lack of jurisdiction in the County Court to grant administration could be shown.

The statute authorizes administration on an estate at any time within four years. Creditors have the undoubted right within that period to the opening of an administration as a means, and the appropriate means, of collecting their debts. The proposition now under consideration asserts that this right is foreclosed from and after the time within the four years the District Court enters an order partitioning the property of the estate between the heirs, the heirs alone being the parties thereto. And in this connection appellant says that under this view the creditors lose no rights, that all the property is still subject to their claims, and their remedy is to follow the property in the hands of the heirs.

The proposition is an assertion of the power on the part of heirs to go into the District Court because of its general jurisdiction to partition property, at any time—we may say immediately after the intestate's death—and forestall and cut off the statutory remedy of administration, which the statute provides for creditors of the intestate. We could see reason in holding that creditors, who become parties to such a partition proceeding and have their claims adjudicated therein, would be cut off from the benefit of an administration. We can understand, also, how a creditor or creditors, although not parties to such a partition may in certain circumstances proceed against the heirs and subject the partitioned property in that way, waiving administration. But we find nothing that tends to support the idea that this agreed decree (and the same, we think, would apply if it had not been agreed) entered in behalf of the heirs alone, has any effect whatever upon the statutory right to take out administration upon the estate within four years from the intestate's death, or upon the jurisdiction of the County Court to grant administration. The partition judgment in question would no more have that effect than would be the case if the heirs had partitioned by executing deeds to each other. The proposition is accordingly overruled.

In Templeton v. Ferguson, 89 Texas, 47, it was stated that where the power of a Probate Court to grant an administration of an estate or to make an order of sale pending administration is denied on the ground that no necessity therefor existed, it may be considered a settled rule that if the record of the case in which such judgment was rendered does not negative the existence of the facts authorizing the court to make a particular order, the law conclusively presumes that such facts are established by the evidence before the court when such orders or judgments are rendered, and evidence of matters *dehors* the record to the contrary will not be received. See also Endel v. Norris, 93 Texas, 540.

Again, in Martin v. Robinson, 67 Texas, 368, the Supreme Court states that such a court must determine whether or not the facts exist which make it lawful for administration to be granted, and if in this respect, having power to make the inquiry, it comes to an erroneous conclusion, its decree founded on such conclusion is voidable but not void.

The conclusion, therefore, must be reached that unless the record of the Probate Court affirmatively shows that its jurisdiction to grant the administration did not in fact exist, or that the facts authorizing the sale that was ordered of this land did not exist, the sale to Mundy should be upheld.

It is contended by appellant that the claim docket was not the best evidence of the existence of debts, and that such testimony ought to have been excluded on objection. This is an immaterial matter in view of the fact that the order granting the administration and the orders appertaining to the sale, affirmed the existence of debts and a necessity of administration and of a sale of the property therefor. These findings are conclusive in this collateral proceeding, and it devolved upon appellants to show, and to show from the record in that proceeding, facts establishing the contrary.

Giving appellants the benefit of what was shown as to claims as they appear upon the docket, and otherwise in that proceeding, there is nothing which affirmatively shows that they were not claims for which the estate of Mrs. Flores was liable. If it appeared that they were community debts, and not such as the law rendered her separate property subject to, this might affect the validity of the proceedings. But this does not appear from the record. The appearance is to the contrary. One claim was in favor of Kelly & Pollard, $8.75, and Kelly & Pollard were shown to have been druggists. A claim of T. H. Swayne for $50, and another of A. L. Justice for $127.50, another of C. T. Race for $36, all being shown to be doctors. Another was in favor of Dolan's Star Stables, an undertaking concern, for $137.50. They may have been, and probably were, expenses appertaining to her last sickness and burial. At any rate, whatever they were for, the record is not contradictory of the determination that must have been made by the Probate Court, that they were her debts, or debts chargeable to her estate, which the action of that court necessarily involves. We do not and need not notice another claim, that of Juan Armendariz, which as it appears in the state-

ment of facts bears the allowance of the administrator, but not the approval of the county judge and does not appear on the claim docket.

The heirs of Mrs. Flores were charged with notice of the application for letters, the required notices having been given. They were authorized to appeal from the order granting same, or any other order made on the estate, and have the adjudication of the County Court reversed. This not having been done, the conclusive presumption exists, in the present proceeding, that the court acted upon proper and ample evidence.

What has been said sufficiently disposes of the fourth and fifth assignments.

As to the sixth assignment, we overrule it because the court's conclusion of fact in finding No. 2 was not incorrect in finding that Leonora Flores was at the time of her death indebted to at least six different parties. The finding probably was intended to include Armendariz, but his inclusion was not material. The record of the Probate Court in the estate not only warranted but required the finding. As to the seventh assignment, the court was not in error in refusing to find as a fact "that the debts mentioned in my finding of fact No. 2 were the community debts of Manuel Flores and Leonora Flores." They may have been community debts and still chargeable against the latter's estate.

The eighth assignment is that the court erred in finding that Mundy purchased the property without actual notice that the heirs had partitioned the land among themselves, and that the partition decree was never recorded until March 20, 1909, for the reason that said decree was made by the Thirty-Fourth District Court on February 24, 1894, and ever since that date has actually been of record in the district clerk's office, which in itself was sufficient notice to Mundy, if he was entitled to any notice. This finding as to notice is in our judgment entirely immaterial, as Mundy obtained title with or without it.

The ninth, tenth, eleventh and twelfth assignments are overruled, they being in effect disposed of by what has been stated in this opinion.

The Probate Court having statutory authority to grant the administration, and there being no intrinsic evidence upon the record of the proceeding establishing that it was granted contrary to law, nor that the orders relating to this sale were so made, the judgment rendered by the District Court was the correct one. Affirmed.

### ON MOTION FOR REHEARING.

In this motion the idea is developed that there being no administration pending, the District Court had jurisdiction over matters pertaining to the estate if there were no debts, and it had jurisdiction to determine whether or not the jurisdictional fact was true, as alleged in the petition for partition, that Mrs. Flores owed no debts at the time of her death, and that it must be presumed that it determined the existence of this fact upon sufficient evidence, and hence, that fact having been ascertained by a court having jurisdic-

tion to pass upon it, it could not be reopened by the County Court upon an application for letters.

In the first place, we deny that it was in the power of the heirs by any act or proceeding solely among themselves, to deprive interested third parties of the statutory right to have the estate administered upon. The partition decree doubtless was a valid adjudication as between the parties to it, and it would have been so declared as to all persons had no application for letters been made during the prescribed statutory period. The property was subject to administration in the interest of creditors during the four years. The estate's title to the property was not disturbed by the partition decree. The division of the property among the heirs by decree, amicable or otherwise, or by deeds, would not affect the property so far as its remaining subject to administration was concerned. What was done by these heirs in the form of a decree, was done in view of the law which provided for an administration for the purpose of paying creditors, and the property in their hands was subject to administration, as before. See, for discussion of the subject: Succession of Bray, 24 So., 601.

Believing that the decree is not entitled to the effect claimed for it, we overrule the motion.

*Affirmed.*

Writ of error refused.