## MITCHELL v. MITCHELL.
### No. 6069.

Court of Civil Appeals of Texas. Amarillo.
July 24, 1950.

188

Mat Davis, Gilmer, King Fike and J. W. Miller, Dalhart, for appellant.

Richards & Richards, Dalhart, for appellee.

LUMPKIN, Justice.

On May 21, 1949, the appellee, Dewey Mitchell, filed in the County Court of Dallam County, Texas, an application to probate an instrument alleged to be the Last Will and Testament of R. T. Mitchell, deceased. The case was numbered 833 on the probate docket. Notice of the application, directed "To the Sheriff or any Constable of Dallam County," was issued by the clerk and posted by the sheriff. The appellant, Josh Mitchell, filed a contest to appellee's application. However, the will was admitted to probate; and on June 18, 1949, the appellant regularly perfected an appeal to the District Court. The appellee is R. T. Mitchell's former wife. The appellant is Mitchell's uncle.

On October 12, 1949 the District Court, after having the case of Mitchell v. Rutter, Tex.Civ.App., 221 S.W.2d 979, called to its attention, held that the notice or citation in the County Court was improperly directed. The court ordered the appeal dismissed and the cause remanded to the County Court of Dallam County "for such further proceedings as the parties may wish to take, and without prejudice to the rights of any parties interested therein."

On October 13, 1949, an amended application to probate the will of R. T. Mitchell was filed by the appellee in the County Court of Dallam County. The amended application was filed in Cause No. 833. Notice was then issued by the clerk addressed "To any Sheriff or any Constable within the State of Texas." The notice was dated October 13, 1949, and commanded all persons interested in the matter to appear on Monday, October 24, 1949. On that day the appellee appeared in County Court and proved the will. The court admitted the will to probate, confirmed the appellee as independent executrix and appointed appraisers. Although the appellant did not file an amended contest, the court considered that the contest previously filed also applied to the amended application. To the order admitting the will to probate, the

appellant gave notice of appeal and regularly perfected his appeal to the District Court.

On November 26, 1949, the appellant filed a plea in abatement in which he prayed that the case be abated and dismissed. On January 9, 1950, the District Court overruled the appellant's plea in abatement and motion for continuance and the case proceeded to trial. After instructing a verdict in favor of the appellee, the court ordered that the will of R. T. Mitchell be admitted to probate and that letters testamentary be issued to the appellee. From this judgment of the court the appellant has regularly prosecuted his appeal to this court.

The appellant contends that the trial court erred in admitting to probate the will of R. T. Mitchell because the amended application to probate was filed in the County Court after the District Court had dismissed the appeal and remanded the case to the County Court. He insists that when he, as the contestant, on June 18, 1949, perfected his appeal from the County Court to the District Court, all the rights, authority and jurisdiction of the County Court in Cause 833, were, as a matter of law, forever and eternally put to an end; that the trial in the District Court was de novo and that the order of the District Court dismissing the appeal and remanding the cause to the County Court was valid only to the extent of the dismissal. This same contention was urged by the appellant in his plea in abatement.

■ Where a court has acquired jurisdiction in a manner authorized by law, it is empowered to render a judgment. Once jurisdiction is acquired the court becomes invested with the power to decide every question which may arise in a controversy, either correctly or incorrectly, for jurisdiction includes the power to decide either way. Burdett v. Silsbee, 15 Tex. 604; Frazier v. Hanlon Gasoline Co., Tex.Civ. App., 29 S.W.2d 461, err. ref.; 25 Tex.Jur. 700 et seq.

As we have seen, the District Court on October 12, 1949, in compliance with the ruling of the Third Court of Civil Appeals in Mitchell v. Rutter, supra, dismissed the appeal and remanded the case to the County Court. On March 8, 1950, the Supreme Court in the case of Nass v. Nass, Tex. Sup., 228 S.W.2d 130, expressly overruled the Mitchell v. Rutter holding and held sufficient a notice which was addressed to the Sheriff or Constable of the county in which the probate proceeding was pending.

■ Thus, as it subsequently developed, when the District Court dismissed the appeal and remanded the case an erroneous judgment was rendered. The District Court had jurisdiction of the appeal from the County Court and there is no doubt but that it had the power to dismiss the appeal and remand the case to the County Court. The judgment of dismissal and remand was effective upon rendition. See Rule 335, Texas Rules of Civil Procedure. The appellant, however, did not except to this order and ruling of the court or perfect an appeal from this final judgment. Our courts have held that where an error has been committed by a court not of last resort, the remedy is by appeal or writ of error. 25 Tex.Jur. 551. In our opinion the appellant lost his opportunity to appeal from the court's order of October 12, 1949, which dismissed the appeal and remanded the case to the County Court of Dallam County.

The appellant contends that the District Court erred in admitting the Mitchell will to probate because the judgment of the County Court, from which the appeal was taken, was void for lack of service.

■ After the amended application was filed on October 13, 1949, the county clerk issued a notice directed "To any Sheriff or any Constable within the State of Texas." The Sheriff received the notice the day it was issued and executed it by posting a copy for 10 days, exclusive of the day of posting and the return day. The notice began, "The State of Texas—To all persons interested in the Estate of R. T. Mitchell, deceased." It then stated that the appellee, Dewey Mitchell, had filed an amended application which would be heard on Monday, October 24, 1949, "at which time all persons interested in said estate are required to appear and answer said application should they desire to do so." Under

the Supreme Court holding in Nass v. Nass, supra, the notice of citation was sufficient.

 The appellant calls our attention to the fact that the judgment of the County Court was taken on Monday after the ten days from the date of posting the notice. The tenth day was Sunday. In support of his contention, the appellant cites Rule 4, Texas Rules of Civil Procedure. This rule relates to "the day of the act, event, or default * * *," which in this case was not Sunday but Monday, the first Monday after the expiration of ten days. Article 3310a, Vernon's Annotated Civil Statutes, provides: "All citations and notices issued out of the County Court in probate matters shall be returnable to the Court from which issued on the first Monday after the service is perfected. All such notices and citations now required to be posted shall be posted at the Court House door for not less than ten (10) days before the return day thereof."

The words "return day" refer to the day on which the application is set down for hearing and not to the day the sheriff shall make his return. In our opinion the court did not err in rendering judgment on the Monday following the tenth day from the day on which the notice was posted. Gunter's Unknown Heirs and Legal Representatives v. Lagow, Tex.Civ.App., 191 S.W. 2d 111, err. ref.

The appellant asserts that the District Court erred in admitting the will to probate because there was on file a verified pleading, filed by the appellant, which alleged that minors were interested in the estate of R. T. Mitchell, deceased.

 Article 3333, Vernon's Annotated Civil Statutes, lays down the requirements for the notice in probate cases. According to Paragraph 4 of the Statute, it is only necessary to cite "all persons interested in the estate to appear at the time therein named and contest said application, should they desire to do so." In our opinion the citation in this case was sufficient. Where the required notice has been given, the heirs of a decedent are charged with the notice of the application to probate his will. We know of no statute or holding of the

courts to the effect that minor heirs must be served with personal service except in cases where the will can not be produced in court. Salas v. Mundy, 59 Tex.Civ.App. 407, 125 S.W. 633, err. ref.; Smith v. Mann, Tex.Civ.App., 296 S.W. 613, err. ref.

The appellant insists that the District Court erred in overruling his motion for continuance. It appears that the case was originally set for trial on December 12, 1949. Two days later the first motion for continuance was filed. The court passed the case until January 9, 1950. Two days before the day set for trial, the appellant filed a second motion for continuance based on his own poor health and his physical inability to attend court. The motion did not set forth the appellant's purported testimony or disclose in what manner his testimony would be material to the case. The court overruled the motion for continuance.

 The appellate courts of this state will not review a trial court's action in denying an application for continuance unless the discretion of the lower court has been abused, and the abuse is clearly disclosed. Although the appellant's motion may show a sufficient excuse for not being present at the trial on January 9, the record does not show affirmatively that his absence resulted to his prejudice. The trial court did not err in denying appellant's motion for continuance. Biggar v. Lister, Tex. Civ.App., 27 S.W. 707; Costley v. Chapman, Tex.Civ.App., 262 S.W. 543, dism.; 9 Tex.Jur. 756 et seq.

 We have carefully examined the record in this case which shows that the District Court acquired jurisdiction by a duly perfected appeal from the County Court. Rule 334, Texas Rules of Civil Procedure, requires that upon appeal of a probate case from a county to the district court all of the original papers shall be transferred with the case. The record shows that all of the papers connected with the probate proceeding were before the District Court. The contestant gave written notice of appeal to the District Court and filed his appeal bond and these two instruments were before the District Court. In our opinion the case was properly before

the District Court on appeal from the county court.

The court's judgment shows the Last Will and Testament of R. T. Mitchell, deceased, to be dated December 10, 1949. Under the testimony this date is erroneous. The will was dated December 10, 1941. The judgment of the District Court is, therefore, reformed to show that the will of R. T. Mitchell, deceased, is dated December 10, 1941. All of the appellant's points of error are overruled, the judgment of the trial court is reformed, and as reformed the judgment is affirmed.