Dulan HARLIN, Appellant,

v.

Tom H. MOONEY, Independent Executor of Estate of Henry English et al., Appellee.

No. 20205.

Court of Civil Appeals of Texas, Dallas.

June 2, 1980.

Rehearing Denied Aug. 27, 1980.

J. Harvey Lewis, Dallas, for appellant.

Logan Ford, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

Dulan Harlin sued the executor of the will of Henry English for damages for fraud, alleging that she was induced to provide English with care, companionship, and services by his false representation that he had made her the beneficiary of a codicil to his will. The trial court sustained defendant's motion for summary judgment, and on this appeal plaintiff has assumed the burden of negating each of the grounds stated in the motion. We hold that the defense of limitation is not established by the summary judgment proof and that the other grounds stated in the motion do not apply to plaintiff's claim of fraud. Consequently, we remand for further proceedings.

The nature of plaintiff's claim must be determined from her second amended original petition filed after the motion for summary judgment was filed and shortly before the hearing on the motion. In this pleading she omits her earlier allegations of breach of contract. She alleges that she had served as a confidant and companion of Henry English for many years and that they had become lovers, but that in the spring of 1971 she had made a profession of religion which would not permit her to have sexual relations with him and, accordingly, she told English she could no longer continue their relationship; that he told her that he understood and respected her position, but that he needed her continued friendship and companionship, even without sexual favors, and that he had named her as beneficiary in a codicil to his will, which he had no intention of changing, provided she would continue to be his friend and companion as in the past, except for the sexual relationship; that relying on this statement, she continued to see him regularly in her home, permitted him to stay there several days at a time, prepared meals for him, and de-

prived herself of social life and opportunities because he requested and expected her to be available any time he called; that this relationship continued until a month before his death on March 29, 1974; that since no codicil to his will had been admitted to probate within four years after his death, she relied on the presumption that none existed and none was ever executed; that she was thus defrauded of her social life and the opportunities that she would have enjoyed but for such fraud, to her damage "in the amount promised to her of $500,-000."

The executor alleged in his answer and also in his motion for summary judgment that the suit was barred by the two and four year statutes of limitation. As summary judgment evidence, the executor presented certified copies of all papers filed in the probate proceedings concerning the estate of Henry English. These papers show that on March 29, 1974, defendant filed an application for probate of a written will of Henry English dated March 27, 1974, which purports to revoke all earlier wills and dispose of his entire estate; that certain relatives filed a contest of this will; that on April 22, 1974, a temporary administrator was appointed; and that on January 28, 1975, the content was settled by agreement, the 1974 will was admitted to probate, defendant Mooney was granted letters testamentary, and he qualified as executor by taking the oath required by law. The present suit was filed October 31, 1978, more than four years after the application for probate was filed and the temporary administrator was appointed, and more than three years after defendant qualified as executor.

■ Plaintiff contends that the defense of limitation is not established as a matter of law because limitation on her cause of action for fraud did not begin to run until she discovered the fraud or acquired such knowledge as would lead to her discovery of the fraud if reasonable diligence had been exercised. She points out that there is no summary judgment proof that she discovered the fraud or acquired knowledge that

would have led to its discovery before her original petition was filed, since there is nothing in the record showing when she learned of English's death, the application for probate of the 1974 will, the appointment of the temporary administrator, or defendant's qualification as executor.

Defendant contends that since probate proceedings are proceedings *in rem* plaintiff had constructive notice of these facts and, consequently, her cause of action accrued in 1974, or at the latest, in January 1975, when the executor was appointed.

We conclude that defendant has not met his burden at the summary judgment hearing to establish as a matter of law that plaintiff's cause of action for fraud accrued more than two years before the suit was filed. The amended petition does not show on its face when the cause of action accrued because it does not allege when plaintiff discovered the falsity of English's representation that he had executed a codicil in her favor and neither does it allege when she learned of facts that would have led a person of ordinary prudence to make an inquiry. Therefore, defendant had the burden at the summary judgment hearing to establish by evidence as a matter of law that plaintiff discovered the falsity of the representation or learned facts that would have led to discovery if she had used reasonable diligence. *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977); *Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 505 (Tex.Civ.App.—Dallas 1977, no writ). Since there is no evidence in the record that plaintiff knew of the application to probate the 1974 will, or even knew of English's death, at any time before she filed her suit, defendant's proof that her cause of action accrued more than two years before filing suit must rest on the constructive notice that she must be deemed to have had by the contents of the probate records.

■ Neither party has cited any authority on the question of how statutory constructive notice affects the discovery rule. We conclude that constructive notice cannot supply lack of proof of actual knowledge of facts which would have caused a person of

ordinary prudence to make inquiry. We recognize that probate proceedings are binding on everyone unless set aside in the manner provided by law. *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336–37 (Tex.1968). Persons interested in the estate, therefore, are charged with notice of the contents of probate records. *Salas v. Mundy*, 59 Tex. Civ.App. 407, 125 S.W. 633, 636 (Amarillo 1910, writ ref'd). Under these rules, we assume for the purpose of this opinion that any person claiming an interest in the estate of a decedent has statutory constructive notice of the facts that would have been revealed by examining the probate records.

█ It does not follow, however, that such constructive notice is the same as actual knowledge for all purposes. Constructive notice creates a presumption of actual knowledge that cannot be rebutted. *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Com. App.1928, judgmt adopted); *University State Bank v. Gifford–Hill Concrete Corp.*, 431 S.W.2d 561, 570–71 (Tex.Civ.App.–Fort Worth 1968, writ ref'd n. r. e.). Consequently, if the circumstances establishing constructive notice exist, the rule of constructive notice applies regardless of any question of diligence and without consideration of what a person of ordinary prudence would have done. If the legislature has declared that under certain circumstances persons must be deemed to have notice of certain facts appearing in the public records, then their ignorance of such facts is immaterial, notwithstanding any diligence they may have used.

In this case, however, if plaintiff had actual knowledge of the probate records in the estate of Henry English in 1974, she would not necessarily have had knowledge at that time of the falsity of representations made by Henry English in 1971. She would have known of English's death and of his 1974 will revoking all earlier testamentary dispositions, but she would not have known whether he had deceived her when he represented that he had made a codicil in her favor. Neither would she have known whether he had any intention at that time to revoke such a codicil. It would have been entirely possible that he had made such a codicil and had no intention to revoke it, but that he later changed his mind when he executed the 1974 will.

█ Perhaps knowledge of the contents of the 1974 will would have caused a person of ordinary prudence in plaintiff's circumstances to suspect that English had deceived her, and thus to make an investigation for the purpose of determining whether he had ever made such a codicil or ever intended to make one. To establish accrual of her cause of action in 1974, however, would require the application of another rule of law and another presumption, namely, the rule that a cause of action for fraud accrues when the defrauded person has knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to discovery of the fraud. *Wise v. Anderson*, 163 Tex. 608, 359 S.W.2d 876, 879 (1962); *Glenn v. Steele*, 141 Tex. 565, 61 S.W.2d 810 (1933). This rule involves a presumption that the fraud has been discovered, whether it has actually been discovered or not. *Smith v. Talbot*, 18 Tex. 774, 782–83 (1857); *Lindsey v. Dougherty*, 60 S.W.2d 300, 302 (Tex.Civ.App.–Amarillo 1933, writ ref'd n. r. e.).

█ Thus, affirmance of the summary judgment here would require two presumptions—a presumption that plaintiff knew the contents of the probate records and another presumption that such knowledge was equivalent to discovery of the fraudulent character of English's representation. But it is a familiar rule that one presumption cannot be based on another. The facts on which a presumption is based must be established by direct evidence. *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466, 469 (Tex.1970).

█ The two presumptions here in question are well within the rationale of the rule against basing one presumption on another. It may be entirely reasonable to charge plaintiff with constructive notice of public records. Likewise, it might be reasonable to charge her with knowledge of

other facts she would have learned by a diligent inquiry if she had known what those records contained. It is quite another matter, however to charge her with knowledge of facts that she did not actually know, and then to hold that because of this presumed knowledge, she was charged also with knowledge of other facts essential to her cause of action. Such a combination of presumptions would be particularly onerous in view of the rule that the presumption arising from constructive notice cannot be rebutted, and, therefore, would charge her with discovery of the relevant facts, whether or not she failed to use reasonable diligence.

We know of no authority extending the rule of constructive notice so far. Our refusal to so extend it is supported by *Thomason v. McEntire*, 233 S.W. 616, 620 (Tex.Civ. App.–Fort Worth 1921), *aff'd*, 113 Tex. 220, 254 S.W. 315 (1923). In that case plaintiffs sued to cancel a mineral lease on the ground of a fraudulent representation that the lease would be transferred to a corporation with sufficient assets for development. The court held that although the plaintiffs could have discovered from an examination of the deed records that no transfer to the corporation had been filed for record, such a discovery would not have charged them with knowledge of the further facts that no such transfer had been executed, that the original lessee never intended to execute one, or that the corporation never owned any assets. Consequently, the lessee's plea of limitation was overruled.

We hold that even though plaintiff may have had constructive notice of the proceedings to probate the 1974 will, she is not necessarily charged with notice of all facts an ordinary prudent person would have discovered if such a person had had actual knowledge of the facts disclosed by those proceedings. Therefore, she is not charged as a matter of law with notice of the falsity of the alleged representation English made to her in 1971. In order to sustain his plea of limitation, defendant had the burden to establish as a matter of law that more than two years before the suit was filed, plaintiff had knowledge of facts that would have led a person of ordinary prudence to make an inquiry which, if pursued with reasonable diligence, would have disclosed the falsity of the alleged representation. There is no summary judgment proof in this record that plaintiff had knowledge of any fact relevant to the limitation issue before she filed her suit. Consequently, the summary judgment cannot be supported on the ground that the suit is barred by limitation as a matter of law.

■ The other grounds stated in the motion for summary judgment, though possibly well taken with respect to the breach of contract claims alleged in plaintiff's earlier pleadings, have no application to her claim of fraud as alleged in her second amended original petition. Defendant contends that plaintiff cannot avoid the contract defenses by amending her petition to allege the same facts as a ground of fraud and thus accomplish indirectly what the law of contracts forbids. We cannot agree. By her amended petition, plaintiff has assumed a burden that she would not have had in a suit based on enforcement of a promise to make a testamentary disposition in her favor. She alleges that English made a representation concerning an existing fact–his prior execution of a codicil–that was false at the time it was made, and she must support this allegation at the trial by competent evidence, which may be difficult for her to obtain, although that difficulty does not affect this appeal. Therefore, we cannot hold that she is merely applying another label to a claim for breach of contract.

One other ground of defendant's motion remains. He asserts that the allegations of the amended petition show a meretricious relationship between plaintiff and English and that his promise to her, based on that relationship, cannot be enforced. Defendant insists that the meretricious character of the relationship is not purged by her profession of religion and subsequent abstention from sexual relations because if, as she alleges, English had promised to make a codicil in her favor, or not to revoke a codicil previously made, that promise must

have been induced by her prior sexual favors which he had enjoyed for many years. Moreover, defendant argues that even if her amended petition be considered strictly from the point of view of a claim in tort for fraud, that claim in itself arises out of the earlier meretricious relationship and does not afford ground for the recovery of damages.

This argument, though appealing, does not support the summary judgment. We must accept the allegations of the amended petition as true in the absence of contrary summary judgment proof. In this pleading plaintiff alleges that because of her profession of religion, she had repented of her sinful relationship with English and would have terminated that relationship if he had not agreed to respect her newly–awakened moral sensitivity and had not represented that he had made a codicil in her favor that he had no intention of revoking. She alleges further that from that time forward their relationship was above reproach. We cannot accept defendant's suggestion that a relationship once tainted by adultery can never be purified by good resolutions faithfully kept. Neither can we agree that a party who makes such a good resolution and faithfully keeps it has no legal redress against a deliberate fraud, such as here alleged. Consequently, whatever difficulty plaintiff may have in obtaining competent evidence sufficient to convince a jury of the righteousness of her cause, the facts alleged in her amended petition do not, as a matter of law, bar her from seeking that redress. Accordingly, we hold that in the absence of any other summary judgment proof, the court erred in rendering summary judgment against her.

Reversed and remanded.