**In the ESTATE OF Irvy Okes ROSS, Deceased.**

**No. 11–83–250–CV.**

Court of Appeals of Texas, Eastland.

June 7, 1984.

Rehearing Denied June 7, 1984.

Brian Cutbirth & Donald L. Anderson, Jr., Whitten, Haag, Hacker, Hagin & Cutbirth, Abilene, for appellant.

Tommy Warford, Turner, Seaberry & Warford, Eastland, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from the denial of a motion to set aside an order admitting a will to probate and for new trial. Wanda Holmes, Ann Jones, Jackie McGahan and Mary Darnell, the four daughters of decedent Irvy Okes Ross, sought to set aside the order probating the will of Irvy Okes Ross and appointing Edgar Newton Ross, the decedent's son, independent executor.

Irvy Okes Ross died on July 13, 1983, following a lengthy illness. While in the hospital, Ross executed a new will specifically disinheriting his four daughters and leaving everything to his son, as well as appointing his son independent executor. On July 14, 1983, appellee gave notice by posting at the Eastland County Courthouse, as provided by TEX.PROB.CODE ANN. sec. 128(a) (Vernon 1980), of his application to probate will and appoint independent executor. None of the daughters reside in Eastland County. The son provided no other notice of the application for probate. The record does not reflect that he attempted to notify his sisters of such filing.

The County Court's order probating the will and appointing an independent executor was signed on July 28, 1983. The daughters timely filed their motion to set aside the order and for a new trial. A hearing on the motion was held in the District Court, and the motion was overruled by operation of law. The daughters appeal the overruling of their motion to set aside and for new trial. We affirm.

■ Appellants urge that TEX.PROB. CODE ANN. sec. 128 (Vernon 1980), implemented in accordance with TEX.PROB. CODE ANN. sec. 33 (Vernon 1980), which relates to providing notice, is unconstitutional. The Attorney General must be served with a copy of the proceedings, and is entitled to be heard when a litigant alleges and seeks a declaration that a statute is unconstitutional. TEX.REV.CIV.STAT. ANN. art. 2524-1, sec. 11 (Vernon 1965);

*Commerce Independent School District v. Hampton,* 577 S.W.2d 740 (Tex.Civ.App.— Eastland 1979, no writ); *Commissioners Court of Harris County v. Peoples National Utility Company,* 538 S.W.2d 228 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The record does not reflect the prerequisite service on the Attorney General. The point of error is overruled.

Next, appellants contend that appellee's failure to obtain personal service on them violates the due process provisions of the federal constitution. They rely upon *Mullane v. Central Hanover Bank and Trust Company,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1949), in which the United States Supreme Court stated:

An elementary and fundamental requirement of due process *in any proceeding which is to be accorded finality* is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... The notice must be of such nature as reasonably to convey the required information, ... and it must afford a reasonable time for those interested to make their appearance. (Citations omitted) (Emphasis ours)

Appellants urge that statutory notice by posting or publication does not satisfy the due process requirements of the federal constitution in circumstances where the names and addresses of interested parties are known or available.

■ We recognize that various federal and Texas courts have upheld this argument based upon the reasoning in *Mullane,* supra. *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *City of Houston v. Fore,* 412 S.W.2d 35 (Tex.1967); *City of Waco v. Roddey,* 613 S.W.2d 360 (Tex.Civ.App.—Waco 1981, writ dism'd); *Jones v. City of Odessa,* 574 S.W.2d 850 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.); *City of Houston v. Parkinson,* 419 S.W.2d 900 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). None of

these cases, however, involved probate matters. Texas courts hold that posting notice of the application for probate, when a will has been produced for the court, is sufficient without giving personal notice. *Ladehoff v. Ladehoff*, 436 S.W.2d 334 (Tex. 1968); *Nass v. Nass*, 149 Tex. 41, 228 S.W.2d 130 (1950); *Soto v. Ledezma*, 529 S.W.2d 847 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Fortinberry v. Fortinberry*, 326 S.W.2d 717 (Tex.Civ.App.—Waco 1959, writ ref'd n.r.e.). The order admitting the will to probate is not such a final determination of its validity as to deny appellants a remedy. Even though the burden of proof shifts to appellants, they may contest the validity of the probated will by initiating a proceeding under TEX. PROB.CODE ANN. sec. 93 (Vernon 1980). We hold that appellee's failure to obtain personal service upon appellants does not violate the due process provision of the federal constitution.

In two points of error appellants contend that the trial court erred and abused its discretion in failing to grant movants' first amended motion to set aside the order of probate and for a new trial. They argue that the great weight and preponderance of evidence shows that: (1) movants' failure to answer was neither intentional nor the result of conscious indifference; (2) movants' failure to answer was due to a mistake or accident; (3) movants' motion sets up a meritorious defense; and (4) movants' motion was filed at a time when the granting thereof would not cause delay or injury to the plaintiff. They cite *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

■ Probate proceedings are actions in rem and bind all persons unless set aside in the manner provided by law. TEX.PROB. CODE ANN. sec. 2(e) (Vernon 1980). *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981); *Soto v. Ledezma*, 529 S.W.2d 847 (Tex.Civ. App.—Corpus Christi 1975, no writ). See TEX.PROB.CODE ANN. sec. 93 (Vernon 1980). Persons interested in an estate are charged with notice of the contents of the probate records. *Mooney v. Harlin*, supra;

*Salas v. Mundy*, 59 Tex.Civ.App. 407, 125 S.W. 633 (1910, writ ref'd).

■ *Craddock* has application to a default judgment case. The case at bar is not such a case. Proper notice has been given. *Craddock* has no application. Therefore, whether the great weight and preponderance of the evidence established the elements of *Craddock* is immaterial.

The points of error are overruled.

In another point of error, appellants complain of the court's failure to make findings of fact and conclusions of law on all ultimate, controlling and material issues. The court made eleven findings of fact and three conclusions of law. Appellants subsequently requested an additional sixteen findings of fact and five conclusions of law, which the court refused to make. Appellants contend·that the additional findings and conclusions relate to ultimate, controlling and material issues, and that the absence of such findings and conclusions deny them a proper presentation on appeal. We disagree.

■ A trial court may file additional findings of fact and conclusions of law if properly requested; however, it is not required to make findings on evidentiary matters, as opposed to ultimate or controlling issues, or on findings that are in conflict with original findings. *City of Fort Worth v. Bewley*, 612 S.W.2d 257 (Tex.Civ. App.—Eastland 1981, writ ref'd n.r.e.); *Flagg Realtors, Inc. v. Harvel*, 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). We hold that the requested additional findings and conclusions were either evidentiary, conflicted with the original findings and conclusions, had no supporting evidence or sought findings or conclusions with reference to *Craddock* which has no application. Accordingly, the trial court's refusal to make the additional findings and conclusions presents no error. *State v. Wiergate Lumber Company, Inc.*, 582 S.W.2d 258 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

This point of error is overruled.

The final point of error challenges an immaterial finding of fact and is overruled without discussion. We have considered and overruled all points of error.

The judgment of the trial court is affirmed.