**In re ESTATE OF Lloyd Sherman BLEVINS, Deceased.**

No. 12–05–00165–CV.

Court of Appeals of Texas, Tyler.

July 31, 2006.

Rehearing Overruled Sept. 15, 2006.

---

M. Keith Dollahite, Tyler, for appellant.

Aubrey L. Jones, Jr., Athens, for appellee.

Panel consisted of WORTHEN, C.J., and GRIFFITH, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

This is a probate case. In one issue, William Day Blevins and Lloyd Ann Ragsdale appeal an order dismissing their application to set aside the probate of the will of their father, Lloyd Sherman Blevins. We reverse and remand.

### BACKGROUND

On January 29, 1989, Lloyd Sherman Blevins (the "husband") and Sara Oveda Blevins (the "wife") executed their wills together. They left their property to each other, and the property of the surviving spouse was left to the husband's children, William Day Blevins and Lloyd Ann Ragsdale (the "husband's children"), and to the wife's children, Deborah Kaye Wright, Holly Ingram, Kathy Daniels, and Donald Poe (the "wife's children"), share and share alike. The husband died in 1994. The wife never attempted to probate his will during her lifetime. On April 16, 2003, she executed a codicil to her will disinheriting the husband's children and died later that day.

Deborah Kaye Wright, as independent executrix of the wife's estate, filed an application to probate the husband's will almost nine years after his death. The husband's children were personally served with citation of the application. They did not attend the probate hearing nor did they file any written opposition to the probate. The probate court admitted the husband's will to probate as a muniment of title. Nine months after the husband's will was admitted to probate, the husband's children filed an application to set aside the order probating the will. In response, the independent executrix stated that their application should be dismissed under the doctrine of res judicata because, after being personally served with citation, they did not appear to contest the order. The trial court dismissed the husband's children's application to set aside the order probating the husband's will. The husband's children timely filed this appeal.

## WILL CONTEST

In one issue, the husband's children contend that the service of citation on an interested party to an application to probate a will before the will is admitted to probate does not preclude a contest of the will's validity under section 93 of the Texas Probate Code. This statute states as follows:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that incapacitated persons shall have two years after the removal of their disabilities within which to institute such contest.

TEX. PROB.CODE ANN. § 93 (Vernon 2003).

### Statutory Construction

■■■ In construing a statute, "our objective is to determine and give effect to the legislature's intent." *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). We start with the "plain and common meaning of the statute's words." *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). If the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *Id.* But if a statute defines a term, a court is bound to construe that term by its statutory definition only. *Needham,* 82 S.W.3d at 318. Words and phrases shall be read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Statutory construction is a legal question. *State Dep't of Highways v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). We review statutory construction matters de novo. *Id.*

### Analysis

■■■ A will contest is a direct attack on the order admitting the will to probate and is considered part of the probate proceeding. *In re Estate of Davidson,* 153 S.W.3d 301, 304 (Tex.App.-Beaumont 2004, pet. denied). Probate proceedings are actions in rem and bind all persons unless set aside in the manner provided by law. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex. 1981). In section 93 of the Texas Probate Code, there is only one limitation upon an interested person who institutes a will contest—the will contest must be filed within two years after the will being contested has been admitted to probate. *See* TEX. PROB.CODE ANN. § 93.

■■■ The wife's children contend that this statute does not apply to interested persons who were personally served with a copy of the initial application to probate a will. The plain meaning of the statute's words do not suggest this interpretation. If the legislature had intended to limit the application of section 93 to only those interested persons who had not been served, it could have specifically done so. When "may" is used in a statute, it grants permission or power. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005). Nothing in this statute suggests that a will contestant's authority is limited except by the two year provision. We decline to add any further limitations on a will contestant's ability to directly attack a will's validity in a probate proceeding.

The legislature, as is evident from the Probate Code, has liberally provided several alternative methods by which interested persons may make a direct attack on the validity of a will. *See Ladehoff v. Ladehoff,* 436 S.W.2d 334, 337 (Tex.1968).

The Eastland Court of Appeals followed this expansive approach to will contests when it determined the constitutionality of statutory notice in a case involving an order admitting a will to probate. *See Estate of Ross,* 672 S.W.2d 315, 317–18 (Tex. App.-Eastland 1984, writ ref'd n.r.e.). In holding that the service of citation by posting notice in Texas probate proceedings was constitutional, the Eastland court stated as follows:

> The order admitting the will to probate is not such a final determination of its validity as to deny appellants a remedy. Even though the burden of proof shifts to appellants, they may contest the validity of the probated will by initiating a proceeding under [section 93 of the Texas Probate Code].

*Id.* at 318.

The Eastland court reasoned that, even though the contestants to the will had been properly served by posting, they still had the right to contest the will for two years after it was admitted to probate under section 93 of the Texas Probate Code. *See id.* We agree, as discussed above, that this is a sound construction of section 93. We conclude the same reasoning should apply where the contestants have been personally served with a copy of the initial application to probate the will.

 We further note that Professor Stanley M. Johanson describes section 93 of the Texas Probate Code as a bill of review relating to the probate of wills. JOHANSON, STANLEY M., JOHANSON'S TEXAS PROBATE CODE ANNOTATED 41 (West Group 2001 ed.). The Texas Probate Code also includes a more general statute providing for a bill of review. *See* TEX. PROB.CODE ANN. § 31 (Vernon 2003). A section 31 statutory bill of review need not conform to other procedural rules and is not limited by the restrictions of an equitable bill of review. *See McDonald v. Carroll,* 783 S.W.2d 286, 288 (Tex.App.-Dallas 1989, writ denied). The ordinary rules as to diligence in making motions for new trial and in appealing from the judgment complained of do not apply to statutory bills of review under section 31. *See id.* The same principles that apply to section 31 of the Texas Probate Code also apply to a direct attack on an order admitting a will to probate, as authorized by section 93. JOHANSON, *supra* at 41.

Because the husband's children's will contest was filed within two years after the husband's will was admitted to probate, we conclude that the trial court erred when it dismissed the husband's children's application to set aside the order admitting the husband's will to probate. The husband's children's sole issue is sustained.

### CONCLUSION

Having sustained the sole issue of the husband's children, we *reverse* the trial court's order of dismissal and *remand* to the court for further proceedings consistent with this opinion.