MARY'S OPINION HEADING 









                                                NO.
12-05-00165-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

§                      APPEAL FROM THE 

IN
RE ESTATE OF LLOYD

§                      COUNTY COURT AT LAW

SHERMAN
BLEVINS, DECEASED

§                      HENDERSON COUNTY, TEXAS

                                                                                                                                                           


OPINION

            This is a probate case. 
In one issue, William Day Blevins and Lloyd Ann Ragsdale appeal an order
dismissing their application to set aside the probate of the will of their
father, Lloyd Sherman Blevins.  We
reverse and remand.

 

Background

            On January 29, 1989, Lloyd Sherman Blevins (the “husband”)
and Sara Oveda Blevins (the “wife”) executed their wills together.  They left their property to each other, and
the property of the surviving spouse was left to the husband’s children,
William Day Blevins and Lloyd Ann Ragsdale (the “husband’s children”), and to
the wife’s children, Deborah Kaye Wright, Holly Ingram, Kathy Daniels, and
Donald Poe (the “wife’s children”), share and share alike.  The husband died in 1994.  The wife never attempted to probate his will
during her lifetime.  On April 16, 2003, she
executed a codicil to her will disinheriting the husband’s children and died
later that day.








            Deborah Kaye Wright, as independent executrix of the wife’s
estate, filed an application to probate the husband’s will almost nine years
after his death.  The husband’s children
were personally served with citation of the application.  They did not attend the probate hearing  nor did they file any written opposition to
the probate.  The probate court admitted
the husband’s will to probate as a muniment of title.  Nine months after the husband’s will was
admitted to probate, the husband’s children filed an application to set aside
the order probating the will.  In
response, the independent executrix stated that their application should be
dismissed under the doctrine of res judicata because, after being personally
served with citation, they did not appear to contest the order.  The trial court dismissed the husband’s
children’s application to set aside the order probating the husband’s
will.  The husband’s children timely
filed this appeal.

 

Will Contest

            In one issue, the husband’s children contend that the
service of citation on an interested party to an application to probate a will
before the will is admitted to probate does not preclude a contest of the will’s
validity under section 93 of the Texas Probate Code.  This statute states as follows:

 

After
a will has been admitted to probate, any interested person may institute suit
in the proper court to contest the validity thereof, within two years after
such will shall have been admitted to probate, and not afterward, except that
any interested person may institute suit in the proper court to cancel a will
for forgery or other fraud within two years after the discovery of such forgery
or fraud, and not afterward.  Provided,
however, that incapacitated persons shall have two years after the removal of
their disabilities within which to institute such contest.

 

 

Tex.
Prob. Code Ann. § 93 (Vernon 2003).

Statutory Construction

            In construing a statute, “our objective is to determine
and give effect to the legislature’s intent.” 
Tex. Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex.
2002).  We start with the “plain and
common meaning of the statute’s words.”  McIntyre
v. Ramirez, 109 S.W.3d 741, 745 (Tex. 2003).  If the statutory language is unambiguous, we
will interpret the statute according to its plain meaning.  Id. 
But if a statute defines a term, a court is bound to construe
that term by its statutory definition only. 
Needham, 82 S.W.3d at 318. 
Words and phrases shall be read in context and construed according to
the rules of grammar and common usage.  Tex. Gov’t Code Ann. § 311.011(a)
(Vernon 2005).  Statutory construction is
a legal question.  State Dep’t of
Highways v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  We review statutory construction matters de
novo.  Id.

Analysis

            A will contest is a direct attack on the order admitting
the will to probate and is considered part of the probate proceeding.  In re Estate of Davidson, 153
S.W.3d 301, 304 (Tex. App.–Beaumont 2004, pet. denied).  Probate proceedings are actions in rem and
bind all persons unless set aside in the manner provided by law.  Mooney v. Harlin, 622 S.W.2d
83, 85 (Tex. 1981).  In section 93 of the
Texas Probate Code, there is only one limitation upon an interested person
who  institutes a will contest—the will
contest must be filed within two years after the will being contested has been
admitted to probate.  See Tex. Prob. Code Ann. § 93.

            The wife’s children contend that this statute does not
apply to interested persons who were personally served with a copy of the
initial application to probate a will. 
The plain meaning of the statute’s words do not suggest this
interpretation.  If the legislature had
intended to limit the application of section 93 to only those interested persons
who had not been served, it could have specifically done so.  When “may” is used in a statute, it grants
permission or power.  See Tex. Gov’t Code Ann. § 311.016(1)
(Vernon 2005).  Nothing in this statute
suggests that a will contestant’s authority is limited except by the two year
provision.  We decline to add any further
limitations on a will contestant’s ability to directly attack a will’s validity
in a probate proceeding.

            The legislature, as is evident from the Probate Code, has
liberally provided several alternative methods by which interested persons may
make a direct attack on the validity of a will. 
See Ladehoff v. Ladehoff, 436 S.W.2d 334, 337 (Tex.
1968).  The Eastland Court of Appeals
followed this expansive approach to will contests when it determined the
constitutionality of statutory notice in a case involving an order admitting a
will to probate.  See Estate
of Ross, 672 S.W.2d 315, 317-18 (Tex. App.–Eastland 1984, writ ref’d
n.r.e.).  In holding that the service of
citation by posting notice in Texas probate proceedings was constitutional, the
Eastland court stated as follows:

 

The
order admitting the will to probate is not such a final determination of its
validity as to deny appellants a remedy. 
Even though the burden of proof shifts to appellants, they may contest
the validity of the probated will by initiating a proceeding under [section 93
of the Texas Probate Code].

 

 

Id. at 318.

            The Eastland court reasoned that, even though the
contestants to the will had been properly served by posting, they still had the
right to contest the will for two years after it was admitted to probate under
section 93 of the Texas Probate Code.  See
id.  We agree, as
discussed above, that this is a sound construction of section 93.  We conclude the same reasoning should apply
where the contestants have been personally served with a copy of the initial
application to probate the will.

            We further note that Professor Stanley M. Johanson
describes section 93 of the Texas Probate Code as a bill of review relating to
the probate of wills.  Johanson, Stanley M., Johanson’s Texas Probate Code Annotated 41
(West Group 2001 ed.).  The Texas Probate
Code also includes a more general statute providing for a bill of review.  See Tex.
Prob. Code Ann. § 31 (Vernon 2003).  A section 31 statutory bill of review need not
conform to other procedural rules and is not limited by the restrictions of an
equitable bill of review.  See McDonald
v. Carroll, 783 S.W.2d 286, 288 (Tex. App.–Dallas 1989, writ
denied).  The ordinary rules as to
diligence in making motions for new trial and in appealing from the judgment
complained of do not apply to statutory bills of review under section 31.  See id.  The same principles that apply to section 31
of the Texas Probate Code also apply to a direct attack on an order admitting a
will to probate, as authorized by section 93. 
Johanson, supra
at 41.

            Because the husband’s children’s will contest was filed
within two years after the husband’s will was admitted to probate, we conclude
that the trial court erred when it dismissed the husband’s children’s
application to set aside the order admitting the husband’s will to
probate.  The husband’s children’s sole
issue is sustained.

 

Conclusion

            Having sustained the sole issue of the husband’s
children, we reverse the trial court’s order of dismissal and remand
to the court for further proceedings consistent with this opinion.

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

(PUBLISH)