**Margarito SOTO et al., Appellants,**

v.

**Ramon LEDEZMA, Appellee.**

No. 963.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 13, 1975.

Ronald D. Zipp, Pena, McDonald, Prestia & Zipp, Edinburg, for appellants.

Ralph Vidaurri, Flores, Sanchez, De Anda & Vidaurri, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is a will contest. Francisca Ledezma died on April 20, 1974. Thereafter, Ramon Ledezma, her son and only heir, filed application for letters of administration. Subsequently, Margarito Soto, the principal beneficiary, offered the purported will of the decedent for probate. The son was not a beneficiary of the purported will. On the day of trial, Petra Alcoser, independent executrix and legatee under the purported will, attempted to file for probate the same will of Francisca Ledezma. The trial court refused to permit the filing by Alcoser and after a hearing without a jury, denied probate of the will and appointed Ramon Ledezma as administrator. Judgment was rendered November 4, 1974. From this judgment Soto and Alcoser appeal.

Soto filed a motion for new trial on November 8, 1974. Alcoser again filed application to probate the will and for appointment as independent executrix on Novem-

ber 15, 1974. Also, on November 15, 1974, both appellants filed notice of appeal from the judgment rendered November 4, 1974. On December 15, 1974, the trial court overruled the motion for new trial filed by Soto and denied the application for probate filed by Alcoser. Neither Soto nor Alcoser filed a notice of appeal thereafter.

During oral argument before this Court on May 1, 1975, the appellee raised the issue of our jurisdiction over this appeal. So we must resolve the jurisdictional matter before we consider the appeal on its merits.

Jurisdiction will depend upon our application of Rules 306c and 353(a), T.R.C.P., to the notice of appeal filed in this case. This was a non jury case and, although not required to, the appellant Soto filed a motion for new trial on November 8, 1974. Rule 324, T.R.C.P. On November 15, 1974, eleven days after the judgment appealed from was rendered, Soto and Alcoser filed their notices of appeal. Clearly the notices of appeal were filed too late unless the time was extended by filing of the motion for new trial because Rule 353 requires the filing within ten days after judgment.

█ The motion for new trial filed by Soto does not name Alcoser. It does assign as error, however, the trial court's refusal "to allow Defendant to file the Application to Probate Will and For Appointment of Independent Executor." That motion will not inure to the benefit of Alcoser because a motion for new trial cannot serve as a motion for new trial by any person other than the person or persons actually named therein. *Kouri v. Kelton*, 178 S.W.2d 712, 715 (Tex.Civ.App.—Fort Worth 1944, no writ). Even if we do consider the application filed by Alcoser on November 15, 1974, as a motion for new trial, the motion was filed too late and would not operate to extend the time to perfect appeal. Rule 329b, T.R.C.P.; *Dean v. Warren*, 464 S.W.2d 672 (Tex.Civ.App.—Tyler 1971, no writ).

Even though Rule 353 requires that the notice of appeal be filed within ten days after the judgment or order overruling the

motion for new trial, there is a recognized exception to this requirement which is found in the provisions of Rule 306c. *Grivel v. Atlantic Mutual Insurance Company*, 513 S.W.2d 297, 299 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Shepherd v. City of Austin*, 467 S.W.2d 611, 615 (Tex. Civ.App.—Austin 1971, writ ref'd n. r. e.). In the part pertinent here, Rule 306c provides that a "prematurely" filed notice of appeal is effective and deemed filed on the date of but subsequent to the order overruling the motion for new trial. Reading these rules together, we see that a notice of appeal filed either before or after an order overruling a motion for new trial can be effective. It is clear that if the notice is filed after the order, it must be filed within ten days from the rendition of the order overruling the motion for new trial. But it is not readily apparent from a reading of the rules how "premature" the notice may be.

The appellee concedes that had the notice been filed within ten days of the rendition of the trial judgment, under Rule 306c it would have been effective and deemed to have been filed on the date of but subsequent to the order overruling the motion for new trial. He contends, however, that because the notice was filed eleven days after the judgment, it did not comply with the requirements of Rule 353 and is thus not saved by the provisions of Rule 306c. In effect the appellee argues that if notice is filed before the order overruling the motion for new trial, it must be filed within ten days after the trial judgment is rendered. We disagree.

Nowhere in Rule 306c do we find any mention of the "ten-day after judgment" restriction for the filing of a proper premature written notice of appeal the appellee seeks here to impose. Nor have we found a case, nor has appellee referred us to one, where such restriction has caused a dismissal of an appeal. With those considerations in mind and that of the objective of liberal construction of our rules announced in Rule

1, T.R.C.P., we are lead to construe Rule 306c as a validation of Soto's notice of appeal. We note here that this problem, about notice of appeal, will not likely arise after the amendment to our rules to become effective January 1, 1976. For example, see comment to Rule 363 in 38 Tex.B.J. 827 (1975).

We, therefore, hold that Soto's appeal in this case has been timely perfected; not so with Alcoser. Her notice of appeal was not timely and her notice has not been saved by Rule 306c. Therefore, the appeal by Alcoser is hereby dismissed for lack of jurisdiction.

All of which brings us to the consideration of the appellant Soto's points of error. Appellee has not favored us with a brief on the merits of this case. Although discretionary, we may accept as correct any statement made by appellant in his original brief as to the facts or the record unless same is challenged by the appellee. Rule 419, T.R.C.P.; *Clyde v. Hamilton*, 414 S.W.2d 434 (Tex.Sup.1967). We elect to examine the record.

The appellant brings forward five points of error. In the first, third, and fifth points, he argues that all indispensable parties were not before the court in the trial of this case. Specifically, it is urged that Petra Alcoser was not before the court and that it was error for the trial court to refuse to allow Alcoser to file application to probate will and to be appointed independent executrix.

As we have mentioned, Alcoser offered her application on the day of trial and the will she sought to probate was the same will filed for probate by Soto. It should be noted that Soto and Alcoser were represented by the same law firm. Their attorney offered evidence and cross-examined the witnesses brought by Ramon Ledezma. We must assume that the appellants' attorney represented the interests of both Soto and Alcoser at trial. Thus, both Soto and Alcoser were before the court and submitted themselves to the jurisdiction of the court.

When citation has been posted in accordance with Tex.Prob.Code Ann. § 128 (a) (1956), the entire world must take notice of proceedings for probate of a will or for the appointment of an administrator. By nature such proceedings are in rem and personal notice is not necessary. *Thomas v. Bonnie*, 66 Tex. 635, 2 S.W. 724 (1886); *Newsome v. Carpenter*, 382 S.W.2d 350 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). The record here reflects that when Ramon Ledezma filed application for letters of administration the requirements of § 128(a) were also complied with. This is all that he was required to do regarding notice to others.

The appellant then argues that Rule 39, T.R.C.P., would require a different result, but he cites us to no case so holding. Of course, different rules control an action brought to contest a will under § 93 of the Probate Code, *supra*. When the will has already been admitted to probate and an action is brought to set it aside, the legatees and devisees named in the will and heirs at law whose interests in property will be affected by a construction of the will are indispensable parties and must be made parties in accordance with Rule 39. *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ.App. —Corpus Christi 1975, no writ). It follows that when the purported will has not been admitted to probate but is simply offered for probate, as was done in our case, the parties named in the purported will are not interested parties contemplated by Rule 39. They do not have an interest to be protected until it is established that the deceased has left a lawful will. So when the trial court refused to allow Alcoser to file her application on the day of trial to probate the same will that was already before the court, the trial court did not commit reversible error. This is so because Alcoser was before the court and the will she sought to have probated was before the court. Appellant's points of error one, three, and five are overruled.

In point two, the appellant argues that the trial court erred in admitting the copy

of a copy of the death certificate of Francisca Ledezma, certified by the City Registrar of Edinburg, Texas. It is apparent from the statement of facts that the death certificate was offered to establish the death of Francisca Ledezma. We deem it unnecessary to rule upon the admissibility of the death certificate. Competent evidence of the death of Francisca Ledezma is found elsewhere, that being in the testimony of Angelita Ramirez:

"Q The testimony of the application for letters of administration is to the effect she died on April 20, 1974, is that correct?

A Yes, sir."

 Proof of death of the person whose estate is offered for administration is a prerequisite to the jurisdiction of the court. Tex.Prob. Code Ann. § 72 and § 88(a) (1956). Proof of death is found in other competent evidence and appellant has not met his burden of showing that the court's action in this instance, if error, probably caused the rendition of an improper judgment. Rule 434, T.R.C.P. The general rule is that when a cause is tried before the court without a jury, the admission of illegal evidence is not cause for reversal when there is sufficient legal testimony to justify the court's findings. *Schleicher v. Markward*, 61 Tex. 99, 102 (1884); *Cantrell v. Woods*, 150 S.W.2d 838, 840 (Tex.Civ.App.—Waco 1941, no writ). Appellant's second point of error is overruled.

The appellant contends in point four that the judgment of the trial court is contrary to the evidence. Here he argues that in the absence of evidence showing that a deceased was ever other than sane, a presumption of continued sanity is established regarding mental competency to make a will. The appellant further urges here that the record is void of probative evidence that Francisca Ledezma lacked the requisite mental capacity to execute a valid will. We disagree with both contentions.

The appellant points out that those who were not medical experts testified about the effects of drugs taken by Mrs. Ledezma (the deceased) on her mental capacity to make a will; that such inadmissible evidence could not be a basis for a finding of incompetency of the decedent to make a will.

 In that regard, the rules appropriate to these matters are these: First, if there is any evidence of probative force to support the finding by the trier of facts (here the court without a jury) that the decedent lacked testamentary capacity, then that finding is binding on the appellate court. *King v. King*, 242 S.W.2d 925 (Tex.Civ.App.—Amarillo 1951) rev'd on other grounds, 150 Tex. 662, 244 S.W.2d 660 (1951). Second, where a lay witness has sufficient opportunity through personal contacts, conversations, association with and observation of the person in question to reasonably form an intelligent opinion as to such person's sanity, based upon his first hand knowledge, he is qualified to express such an opinion. *Reynolds v. Park*, 485 S.W.2d 807, 811 (Tex.Civ. App.—Amarillo 1972, writ ref'd n. r. e.).

 The will offered for probate here contained a self-proving affidavit in form and contents substantially as appearing in § 59 of the Texas Probate Code. The burden of proving the mental capacity of the testator remains upon the proponent of a self-proved will, but once the self-proved will is produced into evidence, the opponents must go forward with their evidence to rebut the presumption. *Reynolds v. Park, supra*, at 816. The opponent of the will, Ramon Ledezma, offered evidence of a lack of mental capacity of his mother at the time the will was executed. Both Angelita Ramirez and Consuelo L. Yanez testified that they had known Mrs. Ledezma about twenty-nine years; that Mrs. Ledezma did not know what she was doing if she signed the subject will on November 19, 1973.

Mrs. Ramirez further said that she saw the decedent almost daily during the last year of her life; that Mrs. Ledezma grew

more sick (from cancer); that Mrs. Ledezma had been a type of mother who was not likely to disinherit her son (the appellee here); that Mrs. Ramirez frequently took Mrs. Ledezma to attempt to transact business about welfare, food stamps, and examinations at a doctor's office; that Mrs. Ledezma would sign papers about those matters "just by merely telling (by Mrs. Ramirez) her to sign there".

The son, Ramon Ledezma, who is appellee herein, also said that his mother, Francisca Ledezma, did not know what she was doing during the time where she is alleged to have executed the will.

We hold, therefore, that the probative evidence on the issue of testamentary capacity from Mrs. Ramirez, Mrs. Yanez, and Mr. Ledezma is sufficient to support the judgment of the trial court in that regard.

The judgment of the trial court is affirmed.