**Dorothy Ruth MARRS, Appellant,**

v.

**Estate of Lola Bea MARQUIS, deceased, Appellee.**

No. 08–95–00340–CV.

Court of Appeals of Texas, El Paso.

July 25, 1996.

Thomas M. Bruner, Midland, for appellant.

Jerry D. Caddel, Odessa, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

LARSEN, Justice.

This is an appeal from an order admitting the last will and testament of the decedent,

Lola Bea Marquis, dated October 25, 1990, to probate. We reverse and remand.

## FACTS

Dorothy Ruth Marrs filed application for probate of a will executed by Marquis on January 4, 1993. Oughtney M. Dick opposed probate of the 1993 will and applied for probate of a will dated October 25, 1990. Following a hearing, the court admitted the 1990 will to probate. Marrs appeals from the order admitting the 1990 will to probate alleging that Dick failed to comply with the requirements of the Texas Probate Code, and further that the 1990 will was revoked.

## DISCUSSION

In her first three points of error, Marrs complains that the trial court erred in admitting the 1990 will to probate because Dick did not satisfy the requirements of the Texas Probate Code. In particular, Marrs contends that: (1) the application filed by Dick failed to comply with the requirements of Texas Probate Code, § 81; (2) Dick did not offer the proof required by Texas Probate Code, § 88 for probate of a will; and (3) service of citation required by Texas Probate Code, § 128 was not made.

### Application for Letters Testamentary

Texas Probate Code, § 81, which sets forth the requirements of an application for probate of a will, provides that a written will shall, if within the control of the applicant, be filed with the application for its probate. TEX.PROB.CODE ANN. § 81(a) (Vernon Supp. 1996). Section 81(a) specifically states ten statutory requirements for a proper application. Dick's application for probate of the 1990 will was contained within her motion opposing probate of the 1993 will as follows:

Contestant, assuming the position of proponent of a will that decedent executed on October 25, 1990, files, along with this opposition, an application for probate of the October 25, 1990 will and for issuance of letters testamentary.

Reading the motion as an application to probate the 1990 will, Dick's application is nevertheless insufficient to establish the jurisdiction of the trial court. Dick's motion fails to set forth the name and residence of the executor named in the will, fails to set forth the names and addresses of the subscribing witnesses, fails to state whether any children born or adopted after the making of the will survived the decedent, fails to state that the applicant is not disqualified by law from accepting letters testamentary, fails to indicate whether the decedent was ever divorced, and fails to state whether a charitable organization is named by the will as a devisee. See TEX.PROB.CODE ANN. § 81(a). Consequently, in failing to satisfy many of the requirements of § 81, Dick failed to establish the authority of the trial court to consider her application for probate of the 1990 will.

Dick asserts Marrs waived any complaint about the requirements of § 81 by failing to properly object to the form of the application. We disagree. At the hearing, Marrs urged the court to deny the application for probate because it was deficient on its face. Marrs further contended that Dick failed to submit proper pleadings in support of Dick's application to probate the October 1990 will. In particular, Marrs argued that Dick had not stated whether a charitable organization is named by the will as a devisee, as is specifically required by § 81(a)(10). Marrs' objection was sufficient to preserve error.

### Proof Required for Probate and Citation

Marrs further complains that Dick failed to put on proof required for probate and issuance of letters testamentary by Texas Probate Code, § 88. Under § 88, an applicant seeking to probate a will must prove:

(1) That the person is dead, and that four years have not elapsed since his decease and prior to the application; and

(2) That the court has jurisdiction and venue . . .; and

(3) That citation has been served and returned . . . required by this Code; and

(4) That the [applicant] is entitled thereto by law and is not disqualified. TEX.PROB. CODE ANN. § 88(a) (Vernon 1980).

Dick did not testify at the probate hearing and did not otherwise present evidence with respect to the requirements of § 88. Furthermore, the record is devoid of proof that citation was issued to all parties interested in the estate. TEX.PROB.CODE ANN. § 128 (Vernon 1980). Without a proper service of citation, no application for probate of a will may be acted upon. *Watson v. Dingler*, 831 S.W.2d 834, 839 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## CONCLUSION

The application for probate of the 1990 will is deficient because it fails to comport with § 81. The record further reveals a complete absence of proof of citation. We therefore conclude that Dick failed to establish the jurisdiction of the trial court to act on the application for probate of the will executed in 1990. We sustain Points of Error One and Three. Because of our disposition of these points, we do not reach the remaining two points. The trial court's order admitting the will to probate is reversed and the cause is remanded.