Reversed and Remanded and Memorandum Opinion filed September 21, 2004









Reversed and Remanded and Memorandum Opinion filed
September 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00715-CV

____________

 

EDWARD R.
KOWALSKI, JR., Appellant

 

V.

 

TERI-ELLIN
K. FINLEY AND THE ESTATE OF EDWARD R. KOWALSKI, SR., 

DECEASED, Appellees

__________________________________________________________________________

 

On Appeal from the Probate Court No. 2

Harris
County, Texas

Trial Court Cause No. 335,669

__________________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Edward R. Kowalski, Jr.
(AKowalski@) appeals
from an order admitting his father=s will to
probate as a muniment of title.  Appellee
Teri-Ellin K. Finley (AFinley@) is
appellant=s sister and an heir of the
testator, Edward R. Kowalski, Sr. 
Appellant contends the trial court erred by admitting the will in
violation of statutory requirements. 
Specifically, he claims (1) he did not receive statutory notice in
violation of his due process rights, and (2) Finley failed to prove that she was
not in default in failing to probate the will during the four-year period after
death.  We reverse and remand.








I.  Factual and Procedural Background

Edward Kowalski, Sr. died on May
8, 1998, survived by his two adult children, Edward Kowalski, Jr. and
Teri-Ellin Finley.  On December 20, 2002,
more than four years after her father=s death,
Finley filed an application to probate her father=s will as
a muniment of title.[1]  The devisee under the will, referred to as a Apour-over
will,@ is The
Edward R. Kowalski, Sr. Revocable Living Trust.

On March 18, 2003, the probate
court held a hearing on Finley=s
application.  In her sworn proof of death
and other facts submitted to the probate court, Finley asserted she served
notice on Kowalski by mailing a copy of the application, along with a waiver,
by regular mail and certified mail, with return receipt requested.  She stated the certified mail was returned
unclaimed.  Finley further averred that
she was not in default for failing to probate the will within four years of her
father=s death
because she was not aware that real property was titled in her father=s name
instead of in the name of his revocable trust.[2]  After consideration of Finley=s sworn
proof, the court found that Finley was not in default for failing to probate
the will within four years of her father=s death
and that notice and citation had been given in the manner and for the length of
time required by law.  See Tex. Prob.
Code ' 89B(a)(3) (Vernon 2003).  The court then signed an order on
March 18, 2003, admitting the will to probate as a muniment of title.  See Tex. Prob. Code ' 89C(a) (Vernon 2003).








On April 17, 2003, Kowalski filed
a motion for new trial asserting he did not receive legal notice and
challenging the proof that Finely was not in default.  The motion was overruled by operation of law,
and this appeal followed.  See Tex. Prob. Code Ann. ' 5(g)
(Vernon 2003); Huston v. F.D.I.C., 800 S.W.2d 845, 848 (Tex. 1990)
(holding probate order is appealable if it finally adjudicates a substantial
right).

II.  Proper Notice

In Kowalski=s first
issue, he contends the trial court violated his due process rights because he
was not given proper notice of the application pursuant to Texas Probate Code
section 128B, which requires service of process when a will is probated more
than four years after death.  See Tex. Prob. Code Ann. ' 128B
(Vernon 2003).[3]  The legislature added section 128B to the
Probate Code in 1999.  Act of June 18,
1999, 76th Leg., R.S., ch. 855, ' 2, 1999
Tex. Gen. Laws 3527.  The change in the
law applies only to the estate of a person who dies on or after September 1,
1999, the effective date of the act.  Id.
' 13.  An estate of a person who dies before
September 1, 1999, is governed by the law in effect on the date of death, and
the former law is continued in effect for that purpose.  Id. 
In this case, the date of death was May 8, 1998, before the
effective date of the act.  Accordingly,
the former law applies.[4]








Section 128 of the Probate Code is the general statute
governing the notice required when applying to probate a will, and this section
governed an application to probate a will more than four years after death
before the enactment of section 128B.  See,
e.g., Estate of Ross, 672 S.W.2d 315 (Tex. App.CEastland 1984, writ ref=d n.r.e.). Section 128 provides that
citation to all interested parties is served by publicly posting the citation.[5]  Because probate proceedings are actions in
rem, personal service is not necessary when citation has been posted in
accordance with section 128(a).  See
Soto v. Ledezma, 529 S.W.2d 847, 850 (Tex. Civ. App. 1975, no writ)
(holding posting notice was sufficient); Neill v. Yett, 746 S.W.2d 32,
34 (Tex. App.CAustin 1988, writ denied) (same).[6]  








Whenever an applicant seeks to probate a will as a muniment
of title, the applicant must prove to the satisfaction of the court that
citation has been served and returned in the manner and for the length of time
required by the Texas Probate Code.  Tex. Prob. Code Ann. ' 89B(a)(3) (Vernon 2003).  Although the 
court recited in its order that Anotice and citation have been given
in the manner and for the length of time required by law,@ the record is devoid of proof
that citation was issued to Kowalski and posted as required by statute.  See Tex.
Prob. Code Ann. ' 128
(Vernon 2003).[7]  There was no testimony recorded at the
hearing on the application to probate the will. 
The only evidence was contained in Finley=s sworn
proof of death and other facts, in which she stated she provided notice by
mail.  There is no citation or return in
the record on file with this court. 
Without proper service of citation, no application for probate of a will
may be acted upon.  Marrs v. Marquis,
927 S.W.2d 304, 306 (Tex. App.CEl Paso
1996, no writ);  Watson v. Dingler,
831 S.W.2d 834, 839 (Tex. App.CHouston
[14th Dist.] 1992, writ denied).

Accordingly, Kowalski=s first
issue is sustained.  Because resolution
of this issue requires reversal, we need not discuss Kowalski=s second
issue.

III.  Conclusion

The record before this court does
not establish that citation issued and was served by posting as required by
statute.  Therefore, we must reverse the
order admitting the will to probate as a muniment of title and remand the cause
to the trial court for further proceedings. 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed September 21, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  AProbating a will as a muniment of title provides a
means to probate a will quickly and cost‑efficiently when there is no need
for administration of the estate.@  In re Estate of Kurtz, 54 S.W.3d 353,
355 (Tex. App.CWaco 2001, no pet.). 
One of the purposes of this limited form of probate is to provide
continuity in the chain of title to real property owned by the estate by
recording the will in the public record. 
Id.





[2]  When a will is
offered for probate more than four years after death, the applicant may not be
in default.  Tex. Prob. Code Ann. ' 73(a) (Vernon 2003).  The term Adefault@ as used in connection with
offering a will for probate means the absence of reasonable diligence on the
part of the party offering the instrument.  Chovanec v. Chovanec, 881 S.W.2d 135, 137
(Tex. App.CHouston [1st Dist.] 1994, no writ).





[3]  Section
128B(a) requires an applicant for the probate of a will to give notice by
service of process to each of the testator=s heirs
before probate of the will.  Tex. Prob. Code Ann. ' 128B(a) (Vernon 2003).  The notice must contain a statement that:

 

(1) the testator=s property
will pass to the testator=s heirs if the will is not admitted to probate; and

(2) the person offering the testator=s will for probate may not be in default for failing
to present the will for probate during the four-year period immediately
following the testator=s death.

 

Tex. Prob. Code Ann. ' 128B(c) (Vernon 2003). 





[4]  We are to construe briefing rules
liberally.  See Tex. R. App. P. 38.9 (stating
substantial compliance is sufficient); Tex.
R. App. P. 38.1(e) (stating issues will be treated as covering every
subsidiary question that is fairly included). 
Therefore, even though Kowalski asserts in his brief that the incorrect
statute applies, his issue is sufficient
to include the alleged error in the notice pursuant to the applicable statute.  See Williams v. Khalaf, 802 S.W.2d
651, 658 (Tex. 1990) (applying liberal construction to point asserting
incorrect statute of limitations).





[5]  Section 128
states that when an application for the probate of a written will produced in
court is filed with the clerk, the clerk shall issue a citation to all parties
interested in the estate, the citation shall be served by posting, and it shall
state: 

 

(1) That such application has been filed, and the
nature of it.

(2) The name of the deceased and of the applicant.

(3) The time when such application will be acted upon.


(4) That all persons interested in the estate should
appear at the time named therein and contest said application, should they
desire to do so.

 

Tex. Prob. Code Ann. ' 128(a) (Vernon 2003). 






[6]  Section
33(f)(2) of the Probate Code explains the procedures for service by posting in
relevant part as follows:

 

When citation or notice is required to be posted, it
shall be posted by the sheriff or constable at the courthouse door of the
county where the proceedings are pending, or at the place in or near the
courthouse where public notices are customarily posted, for not less than ten
(10) days before the return day thereof, exclusive of the date of posting.  The clerk shall deliver the original and a
copy of such citation or notice to the sheriff or any constable of the proper
county, who shall post said copy as herein prescribed and return the original
to the clerk, stating in a written return thereon the time when and the place
where he posted such copy.  

 

Tex. Prob. Code Ann. ' 33(f)(2) (Vernon 2003). 





[7]  Jurisdictional
recitals in a judgment are accorded absolute protection against a collateral
attack, but not against a direct attack, as here.  See Akers v. Simpson, 445 S.W.2d 957
(Tex. 1969).