

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00334-CV

## IN THE ESTATE OF FRANKIE L. ROSS,

**From the 220th District Court
Hamilton County, Texas
Trial Court No. CV-09309**

## MEMORANDUM OPINION

On June 15, 2009, Billy D. Wilson filed an application to probate the May 22, 2009 will of Frankie L. Ross and for issuance of letters testamentary, as the will named Wilson to serve as independent executor. That same day, citation was issued, posted, and filed. *See* TEX. PROB. CODE ANN. § 128(a) (West Supp. 2010) (providing for service of citation by posting). The application stated that Ross died on June 25, 2009, but she had actually died on May 25, 2009. Wilson discovered the typographical error on Ross's date of death and the next day filed an amended application.[1] The amended application changed the date of death from June 25 to May 25 and stated that it was

---

[1] The amended application also changed a name ("Jack Noble" to "Billy D. Wilson") in the sentence that originally reads: "Jack Noble is not disqualified by law from serving as such or from accepting Letters Testamentary, and would be entitled to such letters." This apparent word-processing error in the original application is of no consequence to this appeal.

being filed to correct that error. No citation for the amended application was issued and posted. Wilson's proof-of-death affidavit was filed on July 9, and it states that Ross died on May 25, 2009. On July 9, the County Court of Hamilton County, sitting in probate, signed an order admitting the will to probate and issuing letters testamentary to Wilson.

It was stipulated that Emmett Weldon Luker, Ross's only sibling and sole heir at law, did not have actual notice of the commencement of the probate proceeding. No one disputes that Ross died on May 25, 2009 and was thus dead when Wilson's original application was filed on June 15.

On August 5, 2009, Luker filed an opposition to probate of the will and to issuance of letters testamentary.[2] He also filed that day a motion for new trial and an alternative motion to set aside the order admitting the will to probate and issuing letters testamentary to Wilson. The motion complained about the absence of notice and citation for the amended application. Wilson filed a brief opposing Luker's motion.[3] The county court transferred the cause to district court, which denied the motion, finding that the county court had jurisdiction at the time it issued the July 9, 2009 order. Luker appeals, asserting in one issue that the county court lacked jurisdiction to admit the will to probate because new citation was not issued and posted upon the filing of

---

[2] Luker's opposition asserted that Ross lacked testamentary capacity to execute her May 22, 2009 will and that it was the result of undue influence by Wilson "and/or" Donald Ross.

[3] We reject Luker's contention in his reply brief that Wilson's request for a hearing on Luker's opposition to probate the will was a waiver of Wilson's opposition to Luker's motion for new trial. Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). Wilson's request for a hearing on Luker's opposition to probate the will was not inconsistent with his opposition to Luker's motion for new trial.

the amended application that corrected the date of death.

Probate Code section 33(a) provides:

No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance or return of notice in any probate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof.

TEX. PROB. CODE ANN. § 33(a) (West 2003).

Probate Code section 128(a) governs citation (served by posting) with respect to an application for probate of a written will produced in court or for letters of administration, and it does not address whether new citation was required to be issued and posted upon the filing of the amended application that corrects a typographical error. *See* TEX. PROB. CODE ANN. § 128(a). Apparently only one probate case has addressed such a situation, and it held that notice of the amended application was not required under the Probate Code.[4] *See In re Estate of Wilson,* 252 S.W.3d 708, 711-12 (Tex. App.—Texarkana 2008, no pet.) (notice of filing of amended application correcting applicant's age was not required); *see also Soto v. Ledezma,* 529 S.W.2d 847, 850 (Tex. Civ. App.—Corpus Christi 1975, no writ) ("When citation has been posted in accordance with Tex.Prob.Code Ann. § 128(a) (1956), the entire world must take notice of proceedings for probate of a will or for the appointment of an administrator."); 24

---

[4] Luker's reliance on non-probate cases, (*see, e.g., Rose v. Rose,* 117 S.W.3d 84, 87 (Tex. App.--Waco 2003, no pet.)), for the proposition that notice of the amended application was required is misplaced. *See Estate of Wilson,* 252 S.W.3d at 712 (distinguishing non-probate case's notice and service requirements). And as explained in the next footnote, we disagree with Luker's contention that Wilson's original application sought to probate the will of a living person and that his amended application thus asserted a new cause of action by seeking to probate the will of a dead person.

William V. Dorsaneo III et al., *Texas Litigation Guide* § 392.06[6] (2011) ("Notice of an amended petition to probate a will need not be given except to those individuals who have requested notice under Probate Code Section 339(j)") (citing *Wilson*). We agree.[5]

Accordingly, we overrule Luker's issue and affirm the county court's July 9, 2009 order admitting the will to probate and issuing letters testamentary to Wilson.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 30, 2011
[CV06]

---

[5] Luker argues that the county court did not acquire jurisdiction over Ross's estate with Wilson's original application (with its typographical error on Ross's date of death) because it sought to probate the will of a living person. But as we noted above, it is not disputed that Ross was dead on June 15, 2009, that she had died on May 25, and that the original application contained a typographical error on her date of death. Also, Wilson's proof-of-death affidavit was on file when the county court found that Ross was dead and that it had jurisdiction of Ross's estate. Moreover, it is the *proof of death* of the person whose estate is offered for administration that is a prerequisite for jurisdiction of the court. *See Soto*, 529 S.W.2d at 851; *see also* TEX. PROB. CODE ANN. § 72(a) (West 2003) ("The probate of a will or administration of an estate of a living person shall be void; provided, however, that the court shall have jurisdiction to determine the fact, time and place of death,…"); *id.* § 88(a)(1) (requiring proof of death).